State v. Frazier, 17 N| M. 535.

[No. 1502, March 20, 1913.]

## STATE OF NEW MEXICO, Appellee, v. JOHN FRA-ZIER, alias JOHN GATES, Appellant.

### SYLLABUS (BY THE COURT).

1. It is for the jury to pass upon conflicting testimony and determine where the weight and credit lay.

2. A new trial may be granted the accused where he is convicted on insufficient evidence, but the verdict of the jury will always be entitled to great weight with the court, and will not be set aside because the court is not satisfied beyond all reasonable doubt of the guilt of the defendant.

3. Ordinarily, neither the verdict of a jury nor the findings of fact of a trial court will be disturbed in this court when they are supported by any substantial evidence.

4. A matter outside the record, to be available of as ground for motion for new trial, should be clearly pointed out in the motion for new trial, otherwise this court will not give consideration to the objection.

Appeal from District Court, Socorro County.

MILTON J. HELMICK, for Appellant.

The verdict was contrary to the evidence. Reynolds v. State, 24 Ga. 427; Rafferty v. People, 72 Ill. 37; Stout v. State, 78 Ind. 492; State v. Hilton, 22 Ia. 241; Crandall v. State, 28 Ohio 479; State v. Kane, 1 McCord 482; State v. Owens, 35 Tex. 361; Brite v. State, 10 Tex. App. 368; Ellis v. State, 10 Tex. App. 540; Saltillo v. State, 16 Tex. App. 249; Dean v. Commonwealth, 32 Grat. 912; Bedford v. State, 24 Tenn. 552; Territory v. DeGutman, 8 N. M. 92; Faulkner v. Territory, 6 N. M. 464; People v. Freeman, 91 N. E. 708; State v. Varnado, 55 So. 562; Territory v. Armijo, 8 N. M. 428; Montalvo v. State, 31 Tex. 63; People v. Bergen, 17 N. Y. Supp. 296; Farnandis v. Great Northern Ry. Co., 84 Pac. 18; Sims v. State, 120 Pac. 1032.

State v. Frazier, 17 N| M. 535.

### STATEMENT OF FACTS.

This was an indictment for murder, resulting in a conviction of murder in the first degree with the death penalty affixed.    Defendant appeals.

In August, 1911, the appellant was arrested and confined in the county jail of Luna County, at Deming, N. M., to await the action of the grand jury under a charge of burglary.    While thus detained, on November 7th, he was delivered from jail by John and Reynold Greer, two former companions, who held up the sheriff, compelling the officers to unlock appellant's cell, after which the two Greers and appellant procured horses and attempted to make their escape, apparently starting for the Black Range country.

The sheriff of Luna County enrolled a posse which included Thomas Hall, Al Smithers and a number of others who were changed from time to time.    This posse trailed the fugitives for about 100 miles, finally overtaking them at the Adobe Ranch in the southern part of Socorro County.    When the posse arrived at the ranch, it divided its force and surrounded the place.    The sheriff stationed Hall and Smithers at a point overlooking the main gate of the ranch and at a distance therefrom about 200 to 300 yards, after which he circled about the ranch house, bringing up nearly opposite the point where he had stationed Hall and Smithers.

When the sheriff arrived at the last mentioned point he discovered that the three fugitives were leading their horses toward a gate in the fence, and that they seemed to be in a hurry; the sheriff then hastened back to join Hall and Smithers, and when he came out on top of a little mesa, he saw Hall and Smithers standing by their horses where he left them, and the three fugitives riding from the gate toward where Hall and Smithers were standing, all of the fugitives being mounted, and one leading a pack horse.    The sheriff testified that he recognized the man, identifying the defendant, the appellant Gates, as one of the three; that when the men approached Hall and Smithers they rode abreast; that when the three fugitives arrived at a point between 40 and 50 yards from Hall and

Smithers, all three jumped from their horses and commenced firing with Winchester rifles, Hall and Smithers firing at the same time, at which time the sheriff also jumped from his horse and commenced firing from his position, the result of this battle being that Hall and Smithers, two members of the posse, and John Greer, one of the fugitives, were killed, the appellant and Reynold Greer making their escape from the place.

The appellant made his way to El Paso, Texas, where he was recaptured a few weeks later. The appellant's testimony briefly is as follows:

After the attempt to deliver him from jail by his companions, the Greers, and their flight, covering the period of 11 or 12 days, arriving at the Adobe Ranch house, and believing that they had escaped from the officers, having eaten their dinner at the ranch house, they decided to leave the place and saddled their horses, at which time they saw a rider down by the corner of the fence a quarter of a mile away; that when they started from the gate they saw Hall and Smithers standing by their horses and looking toward them; that appellant thought they might be cow boys; that they rode out from the gate in the direction of the two men they had seen, John Greer taking the lead, the other Greer with the pack horse next, and the appellant bringing up the rear; that when they rode up to within possibly 75 or 100 yards the three rode abreast; that the two men were standing behind their horses but that one of them stepped out from behind his horse, raised his gun and shot at appellant, who tried to get off his horse but his feet caught in the bridle rein or rope at the side of his horse, resulting in his falling from his horse and being "drug" eight or ten steps; that the shooting continued all this time and possibly 50 seconds; that when appellant got loose from his horse he commenced crawling toward a ditch about 30 steps behind his position; that he later raised up and ran rapidly to the arroyo; that he did not go to the corral or near it and that after he had gotten about 200 yards from the scene of the battle he sat down and pulled off his spurs, throwing them away, rolled a cigarette and smoked it

and then came back to the scene of the battle where he saw a dead man, John Greer by name, but did not see anybody else; that he saw the two horses Hall and Smithers had ridden standing on a point; that he at first thought he would attempt to get one of them, but changed his mind as it was too high up and he did not wish to expose himself; that he made a little circle about the place, walked back upon the cañon around the mountain to a point a mile away, where he sat down behind a rock looking at his watch, finding that it was 20 minutes ·after 4 o'clock; that he smoked another cigarette and stayed the rest of the night on the other side of the mountains at a little spring, remaining in that vicinity within six miles of the house during the following day, after which he proceeded out of the country, by stages described by him, going to El Paso, Texas, where he pawned a pistol which he had taken from the sheriff at the time of his escape from jail.

Sheriff Stephens further testified that he saw the appellant after the battle running toward the corral on the ranch and shot at him; that at about this time he heard four shots from the direction of the house. The witness Simpson, who was a member of the posse, testified that he had seen the appellant frequently before the time of the shooting and knew him; that immediately after the firing commenced, during which Hall, Smithers and Greer were killed, he with another member of the posse, Mr. James, rode to the house, and upon arriving at the corral, saw the appellant in the corral and shot at him but missed him; that he believed he had hit him as the appellant dropped at the time, but shortly afterwards, he saw and recognized him "running off across the flats" and shot at him again four times; that while the appellant was in the corral, from the movements he was making, the witness was satisfied that he was reloading his rifle.

Capt. Fred Fornoff, of the Mounted Police, testified, in rebuttal, that he took the appellant from the penitentiary to Albuquerque, where he delivered him to the officers of Socorro County, and that while in the company of appellant, appellant stated to him in substance that

he said to Greer at the time of the battle, "We are surrounded, and we had better stay in the house," and Greer said, "We will go out and have it over with," and that they did as a matter of fact go out to where the parties were immediately afterwards. This witness also testified that the appellant informed him that he told Greer that the parties were officers.

## OPINION OF THE COURT.

HANNA, J.—Counsel for appellant contend that the verdict below was contrary to the evidence.

This appeal, involving the life of a human being, places a heavy responsibility upon us and in our effort to fulfill our duty in the matter, we have carefully read the entire record. After our deliberate examination of this record we cannot agree with the first contention of appellant. We think it fully and sufficiently sustains the verdict. It is for the jury to pass upon conflicting testimony and determine where the weight and credit lay. Territory v. De Gutman, 8 N. M. 92.

We fully agree with the authorities that hold that a new trial may be granted the accused where he is convicted on insufficient evidence, but the verdict of the jury will always be entitled to great weight with the court, and will not be set aside because the court is not satisfied beyond all reasonable doubt of the guilt of the defendant. It has been held, by our Territorial Supreme Court in the case of Territory v. West, 14 N. M. 546, at 559, quoting from the case of Candelaria v. Miera, 13 N. M. 360, that,

"Ordinarily, neither the verdict of a jury nor the findings of fact of a trial court will be disturbed in this court when they are supported by any substantial evidence." See also Territory v. Trapp, 16 N. M. 700.

The evidence in this case was substantial and we cannot disturb the verdict upon the ground assigned. To disturb the verdict of the jury, in a criminal case, upon the ground of insufficiency of the evidence, the injustice should be manifest. U. S. v. Daubner, 17 Fed. 793.

The next ground relied upon for reversal is that the

record displays throughout the entire trial an obvious at-
tempt on the part of the State to lay improper matters
before the jury whenever possible, by insinuating other
offenses and crimes committed by the appellant not con-
nected with the issue of the case. It is admitted by the
appellant that all such matters were objected to and all
save two or three such objections were sustained by the
court. It being contended by appellant that the constant
repetition of the irrelevant matters must have influenced
the jury to return a verdict in the first degree. That this
in itself is reason for a new trial. Citing People v. Ber-
gen, 17 N. M. Supp., 296, where the rule is laid down
that,

"A new·trial will be granted for want of sufficient evi-
dence, where a conviction was had on defendant's confession
of a crime previously committed, and *evidence properly
excluded, but plainly presented to the minds of the jury
in various ways by the prosecution.*"

We do not quarrel with the rule quoted, but cannot
hold it applicable to the cause at bar. Were it apparent
to us that the jury was influenced by the matters com-
plained of, and were there not other sufficient evidence
of a substantial character upon which the verdict could
well be based, we would unhesitatingly grant a new trial.
There was some useless repetition indulged in by the
State, which is to be discouraged by an appellate court,
and a disposition to wander from the issue, but we can-
not say it was such as to raise doubt as to the justice of
the verdict in this case.

We find no merit in the several assignments of error
discussed under the second ground for reversal.

The third assignment of error relied upon, is based
upon the testimony of Sheriff Stephens, when called as
a witness ·for the defense, who gave damaging testimony
as to the conduct of appellant at the time of a previous
arrest and who enlarged upon his testimony while under
cross-examination, by the state, over the objection of the
defense. The appellant contends that the testimony of
this witness, while under cross-examination, was an elab-
oration of incompetent matter tending to confuse and mis-

lead the jury. Appellant cites no authority in support
of his position, and we cannot permit him to take advantage of a condition set in motion by himself. It is
admitted that the matter brought out was responsive, but
it is urged that the State was permitted to unduly profit
by defendant's mistake. We find no merit in appellant's
position in this respect.

It is also urged by appellant that the District Attorney
was permitted to state to the jury that the court would
probably instruct the jury that if the appellant was riding
a horse taken from the Adobe Ranch, at the time the
battle took place, the jury would then find the appellant
guilty of murder in the first degree. It is admitted that
no such instruction was given, and it does not appear, from
the record, that the defense made any attempt to correct
any erroneous impression of the jury arising by reason
of the statement complained of. The objection to the alleged conduct of the District Attorney appears solely
from an affidavit by counsel for defendant filed some
weeks after the trial of the case. The record is silent
as to any objections by defendant at the time of trial.
The attention of the District Court was called to the matter, in a very general way, in the motion for a new trial
filed April 8, 1912. The particular statement of the District Attorney which was criticized, was first pointed out
in the affidavit filed July 20, 1912.

Our Territorial Supreme Court held in the case of Territory v. Anderson, 4 N. M. 213, that a party complaining
of errors in admitting and excluding evidence, must in
his motion for new trial, point out specifically and with reasonable certainty, the particular evidence complained of;
otherwise the trial court need not, and the appellate court
will not, consider such objections.

The reason for this rule is quite apparent and applies
with much greater emphasis to this case. A matter
outside the record, to be availed of as ground for
motion for a new trial, should be clearly pointed out
in the motion for new trial, otherwise this court will not
give consideration to the objection.

For reasons heretofore given, we are satisfied that the

errors complained of did not injuriously affect the rights of the defendant, and did not cause an unfair trial.

The judgment of the District Court is therefore, in all things affirmed, and the judgment and sentence of the court shall be executed on Friday, April 25th, 1913.

### SYLLABUS (BY THE COURT).

