## Tooley v. Commonwealth.

(Decided April 24, 1925.)

### Appeal from Monroe Circuit Court.

1. Intoxicating Liquors—Evidence Held to Support Conviction of Possession.—Testimony that witness saw defendant produce bottle from pocket, drink, and give drink to another, and that witness smelled whiskey, held to support conviction of possession, as against defense that bottle contained water to fool defendant's companion.

2. Criminal Law—Within Jury's Right to Accept Testimony of Commonwealth's Sole Witness.—In prosecution for possession of liquor, accepting testimony of Commonwealth's sole witness as against several for defendant held jury's right.

3.  Intoxicating Liquors—Receiving Drink will Not Support Convic-
    tion of Possession.—Receiving bottle of liquor from possessor,
    drinking, and returning bottle, will not support conviction of
    receiver, of illegal possession.

T. M. COPASS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN
DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

On his trial in the Monroe circuit court under an
indictment charging him with the offense, the appellant,
John B. Tooley, by verdict of the jury, was found guilty
of unlawfully having in his possession intoxicating
liquor, and his punishment fixed at a fine of $100.00 and
imprisonment of thirty days in jail. His complaint of
the judgment entered by the trial court in approval of
that verdict, led to his prosecution of the present appeal.

The grounds urged by the appellant for the reversal
of the judgment are: (1) That the verdict of the jury
was contrary to law and unsupported by the evidence.
(2) That the verdict was the result of passion 'or
prejudice on the part of the jury. The Commonwealth
introduced but one witness, Arthur Hammer, who testi-
fied that he entered a livery stable in Tompkinsville, the
county seat of Monroe county, Kentucky, and went into
a stall thereof for the purpose of attending to a call of
nature; and that while there the appellant, John B.
Tooley, and one Adis Dyer, together came into the same
stable and entered a stall adjoining the one in which he
(Hammer) had placed himself; that the appellant said
to Dyer as they entered the stall, "This old cow will not
tell anything," and immediately thereafter took from
his pocket and handed to Dyer a bottle of whiskey, from
which the latter took a drink and returned the bottle to
appellant, who upon receiving it also took a drink there-
from, but before doing so held the bottle up and said:
"Jerusalem, my happy home."

Hammer further testified that he knew the liquid
the appellant and Dyer drank from the bottle was
whiskey because he smelled it and could see it and the
persons drinking it, through the cracks in the partition
dividing the stalls.

The appellant in testifying in his own behalf ad-
mitted entering the stall of the livery stable with Dyer,

his possession and production of the bottle and that he and Dyer drank therefrom, but denied that the bottle contained whisky and also the use by him of the language to which Hammer testified he gave utterance after entering the stall and when drinking from the bottle. The appellant also testified that the bottle from which he and Dyer drank contained water with which he had filled it from a trough in the presence of a friend of his, one Kidwell, of whom he claimed to have obtained the bottle for the purpose of filling it with water to "fool" Dyer. The foregoing testimony of the appellant was corroborated by that of Dyer and Kidwell, but Dyer upon his cross-examination admitted that he, like the appellant, was indicted upon the above recited facts furnished the grand jury by the witness, Hammer, on the charge of unlawfully having in his possession intoxicating liquor alleged to have been contained in the bottle from which the appellant gave him a drink; and that upon his trial under that indictment he entered a plea of guilty and accepted the resulting punishment inflicted by the verdict of the jury. He stated, however, that the plea was made by him, notwithstanding the advice of his counsel that his acceptance of the drink from the appellant's bottle, though it had contained whisky, as testified by Hammer, the Commonwealth's witness, did not constitute the offense for which he (Dyer) was indicted. Dyer, in substance, gave as a reason for his entering the plea of guilty, that it was because he believed from what the county attorney had told him the jury, despite his innocence, would find him guilty of the offense charged against him. But the county attorney positively denied that he made to Dyer any such statement.

The record discloses no reason for sustaining the appellant's contention that the verdict of the jury is unsupported by the evidence. Notwithstanding the conflicting nature of the evidence it was the province of the jury to determine from it as a whole the truth of the matter, in doing which it was their right to accept the testimony of the one witness for the Commonwealth and reject that of the appellant and his several witnesses; and in view of the inconsistent and unreasonable character of the evidence presented by the testimony of the appellant and his witnesses and the extent to which they were contradicted, it cannot occasion surprise that it failed to impress the jury.

On the other hand, that of Hammer in behalf of the Commonwealth is entirely consistent with what may well be supposed to have occurred. His positive identification by its odor of the whiskey in the bottle from which he saw the appellant and Dyer each take a drink, evidently convinced the jury that the liquid they imbibed from the bottle was whiskey, instead of water, as testified by them; and this conclusion doubtless was strengthened by the absurdity of the explanation made by the appellant and Dyer of their conduct for, inferably, a practical joke such as they claimed was perpetrated by the former upon the latter, would not have been consummated without exciting the merriment of the perpetrator and the chagrin, anger or, at least, surprise of the victim of the joke. Yet according to the testimony of Hammer, which was uncontradicted by the appellant and Dyer, neither when nor after they drank of the contents of the bottle, was there anything in their speech or conduct that indicated merriment on the part of the former, or chagrin, anger or surprise on the part of the latter.

It repeatedly has been held by this court that one who receives from the owner or possessor a bottle of intoxicating liquor upon his invitation to take a drink therefrom and after taking such drink returns to him the bottle, cannot for that act be declared guilty of unlawfully having in his possession intoxicating liquor in the meaning of any provision of the liquor prohibition enforcement statute of this state. Brooks & Minton v. Comlth., 206 Ky. 720; Skidmore v. Comlth., 204 Ky. 451; Sizemore v. Comlth., 202 Ky. 273. So, in view of the inconsistency of Dyer's conduct in pleading guilty to the indictment against him, the confession implicable therefrom that the bottle from which the appellant gave him the drink contained whiskey, and his making such confession by the plea of guilty after being informed by his attorney that his taking of a drink of whiskey from the bottle did not make him guilty of the offense for which he was indicted, with his testimony on the appellant's trial that the bottle from which the latter gave him the drink contained water, it is patent his testimony was entitled to little weight with the jury.

The jury evidently regarded the defense interposed by the appellant a mere subterfuge, conceived and planned after his indictment, to escape merited punishment; and it must be conceded that it bears many of the earmarks indicative of a trumped up defense, peculiar to

and becoming quite frequent in prosecutions for violations of the prohibition enforcement laws. A like defense, resting upon substantially like facts, was recently presented in the case of Brooks and Minton v. Comlth., *supra*, but in that case the defense proved abortive, and such, in our opinion, should be its fate in the case at bar. For, as it was the duty of the jury to determine the guilt or innocence of the appellant from the evidence as a whole, and it cannot be said that the verdict is without support from the evidence, or flagrantly against the evidence, no reason is apparent for disturbing it.

The complaint that the verdict resulted from passion or prejudice on the part of the jury is so wholly without merit, that discussion of the question is deemed unnecessary.

Wherefore, the judgment is affirmed.