## Jent v. Commonwealth.

(Decided May 15, 1925.)

Appeal from Letcher Circuit Court.

1. Criminal Law—Refusal of Continuance, Not Properly Presented by Record, Not Considered on Appeal.—In prosecution for murder, where record did not disclose that accused asked for continuance, or that court refused it, or that objection was made or exception taken, but only showed in transcript affidavit of accused setting forth grounds for continuance, refusal of continuance will not be reviewed on appeal.

2. Homicide—Evidence Held Sufficient to Support Verdict of Manslaughter.—In prosecution for murder of officer while resisting arrest, evidence held sufficient to support conviction for manslaughter.

3. Criminal Law—Misconduct of Counsel Cannot be Reviewed Except on Showing by Bill of Exceptions.—Misconduct of counsel in trial of criminal case cannot be considered on appeal, unless presented by bill of exceptions.

4. Criminal Law—In Absence of Report of Grand Jury from Transcript, Alleged Reading of it in Presence of Trial Jury Cannot be Considered on Appeal.—On appeal from conviction for murder where transcript did not contain report of grand jury, reading of which in presence of trial jury was assigned as error by accused, such error cannot be reviewed.

5. Criminal Law—Error in Fining Accused's Mother for Interruption of Trial, Not Presented by Bill of Exceptions, Cannot be Considered on Appeal.—In prosecution for murder, error based on fining of accused's mother for interrupting trial, which was not presented by bill of exceptions, cannot be considered on appeal.

6. Homicide—Evidence of Conduct of Accused Shortly Prior to Shooting, Showing Other Acts of Lawlessness, Held Competent.—In prosecution for murder, evidence as to accused's lawless conduct at another place shortly before fatal shooting held com-

petent, as showing state of accused's mind shortly before homi-
cide, motive in commission of offense, and attempt at time of
offense to evade arrest for previous felony, and to show whether
offense was intentional.

JOE HALL and FRANK W. STOWERS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant, charged with the murder of Willard Mc-Kinney, a deputy sheriff, was convicted of manslaughter and sentenced to twenty-one years' imprisonment.

His grounds for reversal are:

1.  Error of the court in refusing him a continuance.
2.  The admission of incompetent evidence.
3.  The misconduct of employed counsel and the attorney for the Commonwealth in the argument.
4.  The permitting by the court of the reading, during the trial in the presence of the jury, a grand jury report dealing with the lawlessness in the community which was prejudicial to appellant.
5.  The action of the court in entering a fine against appellant's mother during progress of the trial when she interrupted counsel for the Commonwealth in the argument.

As to the refusal of a continuance we find the record does not disclose either that the defendant asked for a continuance, or that the court refused it; but there does appear in the transcript an affidavit of appellant setting forth his alleged grounds for a continuance. Not only so, the record neither shows objection to any action of the court, if indeed there was any action, as to the continuance, nor does it disclose any objection or exception thereto. Clearly in this state of the record this question cannot be considered.

Appellant, a native of Perry county, went to Letcher county and obtained work at Hemphill, a mining town. On the day in question he and another went from that place to Fleming, another mining town, and they either took with them or procured at Fleming some liquor, of which they each evidently imbibed freely. Appellant was seen on the streets of Fleming with his pistol in his hand, and he undertook to hold up a man passing in an

automobile, and upon the failure of the driver to halt he shot at him, and shot through the curtains of his machine. Shortly thereafter another driver of another machine came along and he held him up at the point of the pistol and jumped into the machine where the man who had come with him was already located, and commanded the driver to take him to Whitesburg, but later changed the order to Hemphill. In going to the latter place they had to pass through Neon. At all times appellant remained upon the back seat of the car and kept his pistol pointed at or leveled upon the driver, and commanded him to speed up. The driver appears to have complied with these commands, but when he got to a point in the road within the municipality of Neon he found in the narrow highway another machine was stalled or stuck in the mud, whereby the highway was blocked and they were compelled to stop.

After appellant had shot at the first driver in Fleming, that driver hunted up two officials, McKinney, a deputy sheriff, and Cutshaw, a municipal policeman, and with those two in his car followed appellant and overtook him in the town of Neon where they were blocked by the other machine. The evidence for the Commonwealth shows that the deputy sheriff, upon having appellant pointed out to him, went up to him, where he was standing, still with his pistol in his hand, and said something to him, but what that was nobody overheard. About the same time he took hold of the hand in which appellant had his pistol, and they proceeded to scuffle for the possession of the pistol and apparently the officer undertook to hold the muzzle of the pistol down until he could take it from appellant; but in the scuffle appellant managed to get both hands on the pistol and finally managed to lift up the muzzle until it was pointed directly at McKinney's stomach when it was fired, and the ball struck him a little above and to the right of the navel and went straight through his body, as testified by a physician. During the scuffle between the two, Cutshaw was immediately present and had hold of appellant, and the above is the substance of his testimony, which is corroborated by one or two others very near at the time. After the shot was fired, according to the evidence of the Commonwealth, Cutshaw struck appellant two blows with the butt of his pistol which knocked him senseless, and he dropped the weapon.

The evidence for defendant tends to show that the blows by Cutshaw were struck before appellant's pistol was fired, and the conclusion is attempted to be drawn that he was in fact unconscious from the blows at the time his pistol involuntarily was fired.

There was likewise evidence for the Commonwealth showing that after appellant reached the point of the difficulty and got out of the car, he inquired whether there were any officers in that town, and was evidently on the lookout for officers of the law. It is likewise in evidence that appellant thereafter inquired what had become of his pistol and after extolling its virtues, said that if it was ever found there would be two empty shells in it, evidently having reference to the shot which he fired at the man in the machine in Fleming, and the shot which killed McKinney.

Clearly, under this statement of the evidence, it cannot be said that the verdict was flagrantly against evidence, or was returned under the influence of passion or prejudice; on the contrary it might be said if the jury, as it evidently did, believed the evidence for the Commonwealth, the verdict was indeed merciful.

There is likewise complaint of the alleged misconduct of employed counsel and the attorney for the Commonwealth; but we find no reference to this complaint in the record, except in the motion for a new trial and in an affidavit filed with the motion. It is a rule of practice well recognized that the only way in which occurrences upon a trial in the circuit court may be brought to this court for review is by bill of exceptions, and that the alleged misconduct of counsel cannot be considered here unless the same is shown by the bill. In the case of Bannon v. Louisville Trust Co., 150 Ky. 401, this rule of practice was expressly stated, and a former opinion of this court in the 24 R., holding to the contrary, was expressly overruled; and that practice has often been since recognized. See also Louisville R. R. Co. v. Gaar, 112 S. W. 1130; Vanover v. Commonwealth, 203 Ky. 362.

There being no reference in the bill of exceptions to any alleged misconduct of counsel this question will not be considered.

Nor does there appear at any place in the transcript the report of the grand jury, which is said by counsel to have been read in the presence of the trial jury, and in

the absence of that report clearly the court is unable to say whether it was or not prejudicial to appellant's rights.

Nor is there in the bill of exceptions any reference whatsoever to the interruption by appellant's mother of counsel during the argument, or anything to show that the court imposed a fine upon her; the only reference to any such thing being in appellant's affidavit filed with his motion for a new trial. If it be conceded there could have been anything prejudicial to appellant's rights in this alleged occurrence, yet it is manifest it has not been brought to the attention of this court so as to authorize its consideration.

It is likewise argued by counsel that the evidence upon the trial as to appellant's conduct at Fleming prior thereto was incompetent because it showed other acts of lawlessness, and the commission of other and different crimes upon his part. But all of that evidence had reference to the conduct and state of mind of appellant only a short time before the homicide, and was competent not only to show his state of mind, but to show his motive in the commission of the crime, and his attempt at the time to evade arrest for the commission of a previous felony. That evidence is likewise enlightening as to the condition of appellant's mind at the time, and tends to shed light upon whether or not the shooting was intentional. We entertain no doubt of its competency under the facts in this case. Music v. Commonwealth, 186 Ky. 45; Kirby v. Commonwealth, 206 Ky. 535.

There is no complaint of the instructions, and a careful inspection of the record not only fails to show any error prejudicial to appellant, but, as above suggested, shows he was generously dealt with.

Judgment affirmed.