24 P.(2d) 251

**STATE v. HUNTER.**

No. 3883.

Supreme Court of New Mexico.

Aug. 1, 1933.

James L. Briscoe, of Tucumcari, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

HUDSPETH, Justice.

Appellant was convicted, under chapter 10 of the 1923 Session Laws, of unlawfully giving intoxicating liquor to a minor and sentenced to a term in the penitentiary of not less than one year and not more than eighteen months. From the conviction and sentence he prosecutes an appeal to this court.

The first point relied upon for reversal is that the evidence is insufficient to sustain the jury's verdict of appellant's guilt.

Ruby Washburn, the twenty-year old minor to whom appellant was charged with having given liquor, was the principal witness for the state and the only witness who directly testified that appellant had committed the offense. Her testimony on the issue was flatly contradicted by appellant and by two witnesses for the defense in whose presence Ruby testified the offense had been committed. Two other witnesses who were with her shortly after the alleged commission of the offense, and at a time when, according to her testimony, she was intoxicated, testified that she seemed entirely sober, and that they noticed no evidences of intoxication on her part.

There was no motion for a directed verdict made, either at the close of the state's case or at the close of the entire case, and the question of the sufficiency of the testimony of the prosecuting witness to serve as a basis for the jury's verdict was raised for the first time upon motion for a new trial. Appellant cannot therefore demand, as of right, a review of the question.

This court has, in some instances, in the exercise of its inherent power to prevent injustice, set aside verdicts of guilt not warranted by the evidence, in spite of a failure on the part of the defendant to take proper steps in the trial court to entitle him to a consideration in this court of the question of the sufficiency of the evidence. See State v. Garcia, 19 N. M. 414, 143 P. 1012; State v. Armijo, 25 N. M. 666, 187 P. 553; State v. Taylor, 32 N. M. 163, 252 P. 984; State v. Berry, 36 N. M. 318, 14 P.(2d) 434. We are not convinced, however, that the circumstances of the case at bar are such as to warrant interference by this court with the conclusion reached by the jury.

■ As a general rule, the testimony of a single witness may legally suffice as evidence upon which the jury may found a verdict of guilt. Wigmore on Evidence, § 2034; Fairchild v. Commonwealth, 208 Ky. 527, 271 S. W. 584; Hammer v. United States (C. C. A.) 6 F.(2d) 786, at page 789; Hiner v. State, 89 Ind. App. 152, 166 N. E. 20; State v. Pipkin, 221 Mo. 453, 120 S. W. 17. The rule, which is said by Wigmore to be a corollary to the principle that "credibility does not depend upon the numbers of witnesses," has been held to apply even where the witness upon whose uncorroborated testimony the conviction was based was not merely the prosecuting witness, but the victim of the offense itself. See State v. Smith, 190 Mo. 706, 90 S. W. 440; State v. Perry (Iowa) 105 N. W. 507.

■ In this state it has been held that a man may not be convicted of the crime of rape on the testimony of the prosecutrix alone, if that testimony is not corroborated by circumstances which coincide with, and lend credence to, her testimony. See State v. Armijo, 25 N. M. 666, 187 P. 553; State v. Clevenger, 27 N. M. 466, 202 P. 687; State v. Taylor, 32 N. M. 163, 252 P. 984. Appellant urges that the rule laid down in the rape cases be applied to the case at bar. The crime of rape is generally considered to be a very heinous one, and the nature of the offense is such that the alleged injured woman is likely to be the principal witness. Neither of these features are characteristics of the offense involved in the case at bar. While, because of circumstances which it would serve no useful purpose to set out here, there is reason to carefully scrutinize the testimony of the prosecutrix in the case at bar, we do not feel that the strict rule applied to the testimony of a prosecutrix in a rape case should be extended to the offense here involved.

■ There was no inherent improbability in the story narrated by the prosecuting witness, nor was her story shaken in any material particulars on cross-examination. The verdict of the jury will not be set aside merely because this court is not satisfied beyond all reasonable doubt of defendant's guilt. See State v. Frazier, 17 N. M. 535, 131 P. 502.

■ Appellant's second and third points are directed to the contention that the verdict of the jury was based, not upon the evidence in the case, but upon sympathy for the prosecuting witness, aroused by her conduct in weeping throughout the closing argument for the state. The only mention of the occurrence complained of is contained in appellant's motion for a new trial. Whether or not the statements of fact contained in the motion are true we have no way of knowing. The happening of the alleged prejudicial occurrence not having been settled as part of the bill of exceptions, it cannot be considered on this appeal. State v. Balles, 24 N. M. 16, 172 P. 196; State v. Hawkins, 25 N. M. 515, 184 P. 977; see, also, Render v. Commonwealth, 206 Ky. 1, 206 S. W. 914, 915; Jent v. Commonwealth, 209 Ky. 59, 272 S. W. 29.

A careful examination of the record does not convince us that there has been a miscarriage of justice in this case. The judg-

ment appealed from will therefore be affirmed. It is so ordered.

WATSON, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.