313 P.2d 1052

STATE of New Mexico, Plaintiff-Appellee,

v.

Teofilo E. LUCERO, Jr., Juan S. Silva and Tony Montenegro, Defendants-Appellants.

No. 6173.

Supreme Court of New Mexico.

July 19, 1957.

Rehearing Denied Aug. 16, 1957.

W. A. Sutherland, Las Cruces, for appellants.

Fred M. Standley, Atty. Gen., Robert F. Pyatt and Santiago E. Campos, Ass't Attys. Gen., for appellee.

McGHEE, Justice.

The appellants seek a reversal of their conviction of "robbery while unarmed" because of claimed insufficiency of the evidence.

On the night of March 5, 1955, appellants Teofilo E. Lucero, Jr., Juan S. Silva and Tony Montenegro, accompanied by Julian Montes, a juvenile, were riding in a car driven by appellant Lucero near Hatch, New Mexico. While the testimony is somewhat contradictory, it is agreed that they gave rides to three seasonal farm laborers known in the area as "braceros". Two of the laborers were taken to Arrey, a village near Hatch. The third, Ramon Reyhosa, complaining witness in this case, journeyed on to Truth or Consequences, New Mexico, with appellants and was returned near Arrey later that night. It is further agreed by the parties that on getting out of the car Reynosa was followed by Tony Montenegro and Julian Montes and that a fight ensued. Silva remained in the back seat of the car and Lucero stayed in the driver's seat, keeping the engine running. Reynosa testified that Montenegro and Montes demanded his money, struck him with a short chain taken from a truck earlier in the evening and after beating and robbing him, left him beside the road only partly conscious. He stated that he made his way to the place of Joe E. Lara who took him to the ranch of Mark Tipton, where he was employed. Both Lara and Tipton testified that Reynosa had been severely beaten. Appellants denied that they had robbed Reynosa and stated that on leaving the car to urinate that Reynosa had picked a fight. Montes was dismissed from the case at the close of the evidence and transferred to the Juvenile section for further action.

The sole attack upon the judgment of the lower court is that there was not sufficient evidence in the case to support a verdict of guilty.

As this court stated in City of Roswell v. Hall, 45 N.M. 116, 112 P.2d 505: "We have held in numerous cases that if there is substantial evidence to support a judgment or sentence in a civil or criminal case that it will not be disturbed on appeal; and in determining whether there is substantial evidence we will consider only that part of the evidence supporting the judgment, and reject the opposing or conflicting testimony."

When viewed in this light the evidence is as follows:

■ There is positive testimony that Montenegro and Montes assaulted Reynosa and robbed him. It is also certain from the testimony of Lara and Tipton, two apparently responsible and disinterested witnesses except that Tipton was the employer of the prosecuting witness, that Reynosa took a bad beating. There is testimony that Lucero, the driver of the car, kept the motor running, saw what occurred and drove the get-away car. Under the present law Lucero is guilty as a principal.

There was no inherent improbability in the story narrated by the prosecuting witness, nor was his story shaken in any material particulars on cross-examination. We said in State v. Hunter, 37 N.M. 382, 24 P.2d 251, 252: "The verdict of the jury will not be set aside merely because this court is not satisfied beyond all reasonable doubt of defendant's guilt." See State v. Frazier, 17 N.M. 535, 131 P. 502.

■ We find the evidence sufficient to sustain the verdict as to Teofilo E. Lucero, Jr., and Tony Montenegro.

The situation is different as to Silva. There is no evidence that he left the car, had anything to do with the fight, took part in the robbery or shared in its proceeds. The evidence is conclusive that he was asleep during the latter part of the trip and the complaining witness testified "he didn't bother me at all". There was a total lack of any evidence to show a community of purpose to accomplish the crime charged, or any acts, words, signs, or motions that would evince a design to encourage, incite, or approve of the crime. See State v. Wilson, 39 N.M. 284, 46 P.2d 57.

We hold that the evidence is insufficient to support the verdict as to Juan S. Silva.

The judgment will be affirmed as to Teofilo E. Lucero, Jr., and Tony Montenegro, but reversed with instructions to discharge as to Juan S. Silva.

It is so ordered.

SADLER and COMPTON, JJ., concur.

LUJAN, C. J., not participating.

KIKER, Justice (dissenting).

There is conflict among the statements made by the prosecuting witness as to the facts to such an extent that I am wholly uncertain as to that which occurred. For that reason I am compelled to dissent.