505 P.2d 862

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Andy GARCIA and Eutimio Rivera, Defendants-Appellants.**

**No. 935.**

Court of Appeals of New Mexico.

Oct. 13, 1972.

Rehearing Denied Nov. 15, 1972.

Certiorari Denied Dec. 11, 1972.

**520**

Louis G. Stewart, Jr., Albuquerque, for appellant Garcia.

Mark B. Thompson III, Albuquerque, for appellant Rivera.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Garcia and Rivera were convicted and sentenced for rape. § 40A–9–2(A), N.M.S.A.1953 (2nd Repl.Vol. 6). They both appeal.

We affirm.

### A. Garcia's Appeal

Garcia did not testify at his trial. He claims the trial court erred in giving the stock instruction on Garcia's failure to testify. Garcia objected because Rivera did testify in the joint trial and the instruction tended to cause prejudice in the minds of the jury. This is an "extraordinary and novel" objection, but it has no merit. State v. Graves, 21 N.M. 556, 157 P. 160 (1915). In effect, Garcia attempts to avoid an instruction which protects a constitutional right. Article II, § 15, New Mexico Constitution.

The trial court also instructed the jury that Rivera was a competent witness in his own behalf, to which instruction Garcia objected.

It has been firmly established that an instruction on defendant's failure to testify is actually a benefit as a caution to the jury and is not erroneous, even though the defendant did not request it. Patterson v. State, 81 N.M. 210, 465 P.2d 93 (Ct.App.1970); State v. Carmona, 84 N.M. 119, 500 P.2d 204 (Ct.App.1972). This is true, even though the defendant objects. Harvey v. State, 187 So.2d 59 (Fla. App.1966), cert. den. 386 U.S. 923, 87 S.Ct. 894, 17 L.Ed.2d 795.

Neither was the Rivera instruction erroneous. This is especially true in a joint trial where one defendant testifies and the

other does not. See Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939), where the defendant requested the instruction on failure to testify and the failure to give the instruction was reversible error based upon an Act of Congress.

We believe both instructions were necessary to guarantee Garcia a fair trial. The trial court did not err.

## B. *Rivera's Appeal*

Rivera claims, (1) the trial court erred in denying a motion for severance; and (2) the trial court erred in denying a motion for a new trial.

### (1) *Severance of Defendants*

On September 29, 1971, Rivera, Garcia, and another defendant were indicted by a grand jury for the crime of rape. Thereafter, notice was given that the trial of Rivera and the other man would take place during the week of December 13, 1971. On October 26, 1971, notice was given that the trial of Garcia would take place during the week of January 10, 1971 [sic]. On December 16, 1971, the indictment against all three defendants came on for trial. A nolle prosequi was filed against the unnamed defendant.

The record shows that approximately one week before trial, Rivera learned that Garcia would be tried with him on December 16, 1971, and he would not be tried alone during the week of January 10, 1972. On the morning of the commencement of trial, Rivera orally moved for severance because of a difference in physical appearance, criminal record and domestic life of Garcia, and the effect of the testimony of witnesses, all of which would prejudice Rivera. After denying the motion for severance, the trial court said:

If at any time I feel there has been prejudice to one or the other, I will declare a mistrial and we will start from scratch.

Apart from argument, there was nothing to show prejudice. The trial court did not abuse its discretion in denying the motion prior to trial. State v. Andrada, 82 N.M. 543, 484 P.2d 763 (Ct.App.1971).

Rivera seems to assert that prejudice became apparent during trial. This contention was waived because Rivera's motion for severance was not renewed during the trial, nor at the close of all evidence. Williamson v. United States, 310 F.2d 192 (9th Cir. 1962); Reed v. People, 482 P.2d 110 (Colo.1971), which sets forth and adopts § 2.1 of A.B.A. Standards relating to Joinder and Severance. Section 2.1, supra, pertains to "Timeliness of Motion; Waiver; Double Jeopardy." It specifically provides in subsection (a) that a motion for severance of defendants is waived if it is not made before trial or before or at the close of all the evidence.

This rule was not adopted in New Mexico by the "Rules of Criminal Procedure" effective July 1, 1972. Justice Erickson, the author of the Colorado opinion, is Chairman of the American Bar Association Special Committee on Standards for the Administration of Criminal Justice.

### (2) *Motion for New Trial*

The trial court denied Rivera's motion for a new trial. Rivera claims the trial court abused its discretion by expressing doubt concerning the guilt of Rivera but refusing to grant a new trial.

In its order denying the motion, the trial court stated:

The Court further finds that notwithstanding the fact at the close of this case the Court was not convinced beyond a reasonable doubt of the guilt of EUTIMIO RIVERA the review of subsequent evidence introduced herein does not provide sufficient grounds or reason for overturning the jury verdict or granting a new trial.

A verdict of the jury will not be set aside because the trial court or this court is not satisfied beyond all reasonable doubt of the guilt of the defendant. State v. Frazier, 17 N.M. 535, 131 P. 502 (1913);

522

State v. Hunter, 37 N.M. 382, 24 P.2d 251 (1933); State v. Lucero, 63 N.M. 80, 313 P.2d 1052 (1957). The guilt or innocence of a defendant is for the jury to determine, not the judge. Granting or denial of a new trial is within the trial court's discretion. State v. Pope, 78 N.M. 282, 430 P.2d 779 (Ct.App.1967). There was no abuse of discretion.

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.