This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38358**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**SCOTT WEAVER,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    Defendant appeals his conviction. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed summary disposition was incorrect, and we therefore affirm.

**{2}**    Defendant continues to argue that the State presented insufficient evidence to convict him of the offense. [MIO 1] We have already set out the relevant evidence and

testimony at trial in the notice of proposed summary disposition, and Defendant does not contest the evidence as stated in the proposed notice. [MIO 1] We therefore will avoid unnecessary repetition, and refer only to the facts relevant to our analysis.

**{3}** The test for sufficiency of the evidence "is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. In reviewing the sufficiency of the evidence, we "view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* "Where . . . a jury verdict in a criminal case is supported by substantial evidence, the verdict will not be disturbed on appeal." *Id.*

**{4}** Defendant continues to argue that the evidence was insufficient because it was based on only the eyewitness testimony of the victim, and all other witness testimony was hearsay. [MIO 1] However, non-hearsay evidence corroborating the victim's version of events was not required, and the jury could properly convict Defendant based on the testimony of the victim alone. *See State v. Hunter*, 1933-NMSC-069, ¶ 6, 37 N.M. 382, 24 P.2d 251 ("[T]he testimony of a single witness may legally suffice as evidence upon which the jury may found a verdict of guilt."); *State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 (stating that the testimony of a single witness is sufficient for a conviction).

**{5}** For these reasons and those set out in our notice of proposed summary disposition, we affirm Defendant's conviction.

**{6}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**