This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37607

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISTOPHER ROBERTS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Marko D. Hananel, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant Christopher Roberts appeals his convictions for second-degree criminal sexual penetration (CSP) (resulting in personal injury), in violation of NMSA 1978, Section 30-9-11(E)(3) (2009); aggravated battery (great bodily harm), in violation of NMSA 1978, Section 30-3-5(C) (1969); and battery, in violation of NMSA 1978, Section 30-3-4 (1963).[1] Defendant claims that (1) his aggravated battery and battery

---

[1] The district court's judgment and sentence incorrectly lists Defendant's aggravated battery (great bodily harm) conviction as committed against a household member, another third-degree felony. *Compare* § 30-3-5(C), *with* NMSA 1978, § 30-3-16(A) (2008, amended 2018). Because a conviction for aggravated

convictions violate double jeopardy, and (2) insufficient evidence supports his convictions. For the following reasons, we vacate Defendant's conviction for battery and otherwise affirm.

## BACKGROUND

**{2}** Given that the parties are familiar with the facts and details of this case, we only briefly set forth pertinent facts and applicable law in this memorandum opinion, reserving further discussion of specific facts where necessary to our analysis. *See* Rule 12-405(B) NMRA (providing that appellate courts "may dispose of a case by non-precedential order, decision or memorandum opinion" under certain circumstances); *State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361 ("[M]emorandum opinions are not meant to be cited as controlling authority because such opinions are written solely for the benefit of the parties[, and s]ince the parties know the detail of the case, such an opinion does not describe at length the context of the issue decided[.]").

**{3}** We note that we use male pronouns in this opinion when referring to Victim because at the time of trial, Victim identified as male. Victim testified that in March 2012, he identified as female and had female anatomy.

**{4}** In the early morning of March 25, 2012, Victim was walking home when he was hit in the back of the head and choked until he lost consciousness. Victim regained consciousness in nearby gravel, among bushes, where Defendant forcefully penetrated him vaginally while continuing to choke him. Afterwards, Defendant again choked Victim, telling him that "corpses don't talk[.]" Victim begged Defendant not to kill him, and claimed that he would not be able to identify Defendant because he did not have his glasses on. Defendant then left, and Victim walked to a former neighbor's apartment where he contacted the police, which led to an exam by a Sexual Assault Nurse Examiner. During the exam, Victim's numerous injuries were documented, including injuries to his neck, head, arms, back, legs, and genitals. DNA samples collected during the exam matched Defendant's DNA, meaning Defendant could not be excluded as the source of the DNA and there was an infinitesimally small probability that Defendant was not the source of the DNA.

**{5}** Defendant testified in his own defense and claimed that he had consensual sex with Victim. The jury convicted Defendant of second-degree CSP (causing personal injury), aggravated battery (great bodily harm), and battery.

## DISCUSSION

---

battery against a household member is inconsistent with the indictment and the jury instructions given, and because Defendant was not ordered to "to participate in and complete a domestic violence offender treatment or intervention program" as required by the aggravated battery against a household member statute, § 30-3-16(D), we presume that the district court's language referencing a household member was merely a clerical error. We also note that the parties apparently presume the same.

## I.     Double Jeopardy

**{6}**     Defendant argues that his convictions for both aggravated battery and battery violate double jeopardy and must be vacated. The State concedes that Defendant's conviction for battery violates double jeopardy and must be vacated, but contends that his conviction for aggravated battery, in contrast, does not violate double jeopardy. Reviewing Defendant's contentions de novo, we vacate only Defendant's conviction for battery. *See State v. Lopez,* 2008-NMCA-111, ¶ 8, 144 N.M. 705, 191 P.3d 563 ("We generally apply a de novo standard of review to the constitutional question of whether there has been a double jeopardy violation.").

**{7}**     The double jeopardy clause "has been held to incorporate a broad and general collection of protections against several conceptually separate kinds of harm: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Montoya,* 2013-NMSC-020, ¶ 23, 306 P.3d 426 (internal quotation marks and citation omitted). Here, Defendant's double jeopardy claims are based on multiple punishments. "Multiple punishment cases are of two types: those cases in which a defendant is charged with multiple violations of a single statute based on a single course of conduct ('unit of prosecution' cases) and those cases in which a defendant is charged with violating different statutes in a single course of conduct ('double-description' cases)." *State v. Sena,* 2020-NMSC-011, ¶ 44, 470 P.3d 227.

**{8}**     We apply a two-part analysis to double-description cases, the first part of which determines "whether the conduct underlying the offenses is unitary, i.e., whether the same conduct violates [multiple] statutes." *State v. Swafford,* 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223. If the conduct is unitary, we look to the statutes at issue "to determine whether the [L]egislature intended to create separately punishable offenses." *Id.* Double jeopardy prohibits multiple punishments only when (1) the conduct is unitary and (2) it is determined that the Legislature did not intend multiple punishments. *Id.*

**{9}**     "Where we conclude that double jeopardy has been violated, we vacate the lesser offense and retain the conviction for the greater offense." *State v. Padilla,* 2006-NMCA-107, ¶ 36, 140 N.M. 333, 142 P.3d 921, *rev'd on other grounds,* 2008-NMSC-006, 143 N.M. 310, 170 P.3d 299.

### A.     Defendant's Battery Conviction Violates Double Jeopardy

**{10}**     Defendant argues that his battery conviction should be subject to unit of prosecution analysis and violates double jeopardy because of his aggravated battery conviction. In contrast, the State argues that this is a "double-description" case, conceding that the battery conviction violates double jeopardy because both the battery and CSP convictions were based on unitary underlying conduct and, under the facts of this case, it is unlikely the Legislature intended multiple punishments. While we are not bound to accept the State's concession, *State v. Tapia,* 2015-NMCA-048, ¶ 31, 347 P.3d 738, we agree. Because we conclude that Defendant's battery conviction must be

vacated, we do not reach Defendant's arguments regarding the unit of prosecution. *See Allen v. LeMaster*, 2012-NMSC-001, ¶ 28, 267 P.3d 806 (observing that "courts exercise judicial restraint by deciding cases on the narrowest possible grounds and avoid reaching unnecessary constitutional issues").

**{11}** First, as the State concedes, the underlying conduct for the battery and CSP convictions is unitary. At trial, the State presented the theory that the battery charge was "for hitting [Victim] on the head[,]" and further specified that the battery charge was *only* for that "first hit[,]" when Defendant "came up behind [Victim], struck him [on the head], grabbed him, strangled him[, and] put him into the [gravel]" where Defendant then sexually assaulted him. On appeal, the State concedes that this first "blow . . . initiated the force used to accomplish the CSP [resulting in personal injury.]" The jury instruction for CSP resulting in personal injury required a finding that Defendant (1) used physical force or violence, or (2) used threats of physical force or violence against Victim. Both crimes began with this blow, and under the facts of this case, the conduct underlying these two crimes amounts to unitary conduct because the acts lack sufficient indicia of distinctness to be considered separate.

**{12}** Second, as the State concedes, the Legislature likely did not intend multiple punishments under the facts of this case. "Where one statutory provision incorporates many of the elements of a base statute, and extracts a greater penalty than the base statute, it may be inferred that the [L]egislature did not intend punishment under both statutes. If the punishment attached to an offense is enhanced to allow for kindred crimes, these related offenses may be presumed to be punished as a single offense." *Swafford*, 1991-NMSC-043, ¶ 33. Second-degree CSP, enhanced from third-degree CSP based on resulting personal injury to the victim, incorporates the force element of battery and extracts a greater penalty based on the resulting injury. *Compare* § 30-9-11(E)(3), (F), *with* § 30-3-4. Additionally, the offenses are related because it is difficult to imagine an instance of CSP resulting in personal injury to the victim that could be committed without the commission of a battery. For these reasons, under the facts of this case, we conclude that the Legislature did not intend multiple punishments for battery and CSP resulting in personal injury.

**{13}** Because the conduct was unitary, and because, under the facts of this case, the Legislature did not intend multiple punishments, we conclude that Defendant's battery conviction violates double jeopardy and must be vacated.

## B. Defendant's Aggravated Battery Conviction Does Not Violate Double Jeopardy

**{14}** Defendant argues that under a double-description analysis, his aggravated battery conviction must be vacated. The State contends that the aggravated battery conviction does not violate double jeopardy because the underlying conduct was distinct and the crime of CSP was completed before the commission of aggravated battery. Based on our review of the facts in this case, we agree with the State.

**{15}** The jury was instructed, in relevant part, that to convict Defendant of CSP, the State had to prove beyond a reasonable doubt that:

1. [D]efendant caused [Victim] to engage in sexual intercourse;

2. [D]efendant used physical force or physical violence; OR [D]efendant used threats of physical force or physical violence against [Victim] OR threatened to hurt or kill [Victim]; AND [Victim] believed [D]efendant would carry out the threat[.]

The jury was instructed, in relevant part, that in order to convict Defendant of aggravated battery, the State had to prove beyond a reasonable doubt that Defendant "touched or applied force to [Victim] by strangling" him.

**{16}** Defendant argues that his aggravated battery conviction violates double jeopardy because the jury could have relied on the same act of strangulation to support both the aggravated battery conviction and the CSP conviction, thus creating a legally inadequate basis for one of the jury's alternatives for its verdict. While "we must presume that a conviction under a general verdict requires reversal if the jury is instructed on an alternative basis for the conviction that would result in double jeopardy," *Sena*, 2020-NMSC-011, ¶ 47 (internal quotation marks and citations omitted), "[this] presumption [of jury error] is rebutted by evidence that each crime was completed before the other crime occurred." *Id.* ¶ 54.

**{17}** Here, the evidence presented at trial demonstrates that Defendant completed the crime of CSP before committing the crime of aggravated battery. Victim testified that Defendant choked him three separate times: (1) at the onset of the attack, immediately after striking Victim in the back of the head; (2) while sexually assaulting him; and (3) "at the end," of the sexual assault when Defendant told Victim that "corpses don't talk," and choked him again. While the first two instances of strangulation were part of the force used to commit CSP, this third incident of strangulation was committed *after* the completion of the crime of CSP and with the apparent motive to either kill Victim or to otherwise prevent Victim from identifying Defendant. Although the two crimes occurred close in space and time, the quality, nature, and sequence of the acts demonstrate that the crime of CSP was completed before Defendant committed the crime of aggravated battery by strangling Victim for a third time. Thus, the acts are not unitary. *See Swafford*, 1991-NMSC-043, ¶ 28 (noting that because "[t]ime and space considerations . . . cannot resolve every case[,]" courts must also look to "the quality and nature of the acts . . . to determine whether the conduct for which there are multiple charges is discrete (unitary) or distinguishable").

**{18}** Because the acts underlying Defendant's convictions for aggravated battery and CSP are separate and distinct, our "inquiry is at an end[,]" *id.*, and we conclude that Defendant's conviction for aggravated battery does not violate double jeopardy.

## II.    Sufficient Evidence Supports Defendant's Convictions

**{19}** Defendant contends that insufficient evidence supports his convictions because (1) Victim's numerous documented injuries "did not necessarily" appear to be merely hours old, as would be consistent with Victim's testimony; and (2) the State failed to produce eyewitnesses or security camera video to corroborate Victim's testimony.

**{20}** "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* ¶ 53 (alteration, internal quotation marks, and citation omitted). When reviewing for substantial evidence, appellate courts "view[] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* ¶ 52 (internal quotation marks and citation omitted). We also disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{21}** Here, Victim testified that he was violently attacked, sexually assaulted, and strangled by Defendant. Even if some evidence contradicted Victim's testimony about the source and timing of his injuries, when reviewing for the sufficiency of the evidence on appeal, we "resolv[e] all conflicts in the evidence in favor of the verdict." *Montoya*, 2015-NMSC-010, ¶ 52 (internal quotation marks and citation omitted). Similarly, even if Victim's testimony was uncorroborated—despite his numerous documented injuries and the DNA evidence—additional evidence was not required because the jury could properly convict Defendant based on the testimony of Victim alone. *See State v. Hunter*, 1933-NMSC-069, ¶ 6, 37 N.M. 382, 24 P.2d 251 (noting that a single witness's testimony may legally suffice as evidence upon which the jury may rest a guilty verdict); *see also State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779 (stating that the testimony of a single witness is sufficient for a conviction). Therefore, we hold that sufficient evidence supports Defendant's convictions for CSP resulting in personal injury and aggravated battery.

## CONCLUSION

**{22}** For the foregoing reasons, we vacate Defendant's conviction for battery and otherwise affirm.

**{23}   IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**JANE B. YOHALEM, Judge**