This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39821**

**STATE OF NEW MEXICO,**

　　　　Plaintiff-Appellee,

v.

**ALFREDO MEDRANO CARRASCO,**

　　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}**　　Defendant appeals a judgment and sentence entered pursuant to a jury verdict, challenging the sufficiency of the evidence to support his conviction. This Court issued a notice of proposed summary disposition proposing to affirm, and Plaintiff has filed a memorandum in opposition to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}**　　In his memorandum, Defendant does not argue any specific deficiency in the State's trial evidence, but instead asserts that "under the totality of the circumstances,"

the evidence was insufficient. [MIO 1] In particular, Defendant emphasizes that the State's case depended upon the testimony of a sole witness. [Id.] It is a well-established principle, however, that "credibility does not depend upon the numbers of witnesses," *State v. Hunter*, 1933-NMSC-069, ¶ 6, 37 N.M. 382, 24 P.2d 251 (internal quotation marks and citation omitted), and "the testimony of a single witness is sufficient evidence for a conviction." *State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779. It is the job of the jury, not this Court, to determine both the credibility of witnesses and what weight to give their testimony. *Id.*

**{3}**     As a result, when this Court reviews the sufficiency of the evidence to support a conviction, our role is not to assess the totality of the circumstances. Instead, this Court's role is limited to reviewing whether the State introduced "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" with regard to each element of the charged offense. *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).

**{4}**     Defendant's memorandum does not persuade us that our proposed disposition in this appeal was based upon any error of fact or law. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (concluding that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a memorandum opposing summary disposition). Accordingly, for the reasons stated in our notice of proposed summary disposition, we affirm the judgment and sentence entered by the district court.

**{5}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**