611 F.2d 730
 NATIONAL CORN GROWERS ASSOCIATION, INC. and Corn Refiners
Association, Inc., Appellees,
v.
Robert S. BERGLAND, Secretary of Agriculture, United States
Department of Agriculture, Commodity Credit Corporation, and
Ray Fitzgerald, Executive Vice President of Commodity Credit
Corporation, American Sugarbeet Growers Association,
Hawaiian Sugar Planters Association, American Sugar Cane
League of the U.S.A., Inc. and Florida Sugar Cane League,
Inc., and California Beet Growers Association, LTD., Appellants.
NATIONAL CORN GROWERS ASSOCIATION, INC. and Corn Refiners
Association, Inc., Appellees,
v.
Robert S. BERGLAND, Secretary of Agriculture, United States
Department of Agriculture, Commodity Credit
Corporation and Ray Fitzgerald,
Executive Vice President of
Commodity Credit
Corporation.
Appeal of AMERICAN SUGARBEET GROWERS ASSOCIATION, Hawaiian
Sugar Planters' Association, American Sugar Cane League of
the U.S.A., Inc., Florida Sugar Cane League, Inc. and
California Beet Growers Association, LTD.
 Nos. 79-1509, 79-1585.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 4, 1979.
Decided Jan. 2, 1980.
 
 Raymond W. Fullerton, Atty., Litigation Div., Dept. of Agr., Washington, D. C., for appellants; L. Call Dickinson, Jr. and Craig F. Graziano, Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, Iowa, Charles S. Murphy and Wilbur L. Fugate, Baker & Hostetler, Washington, D. C., on brief, for Am. Sugarbeet Growers Ass'n et al.; Stuart E. Schiffer, Acting Asst. Atty. Gen., Leonard Schaitman and Douglas N. Letter, Attys., U. S. Dept. of Justice, Washington, D. C., and Raymond W. Fullerton, Director, Litigation Div., Terrence G. Jackson and Thomas V. Conway, Attys., U. S. Dept. of Agr., Washington, D. C., on brief, for Bob Bergland et al.; appearances on reply brief for Bob Bergland et al. are the same except Alice Daniel, Acting Asst. Atty. Gen., Washington, D. C., who replaces Stuart E. Schiffer.
 Paul J. Tagliabue, Covington & Burling, Washington, D. C., for appellee; H. Richard Smith, Paul F. Ahlers, Lance A. Coppock, Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, Iowa; Ralph W. Gearhart and Robert O. Daniel, Shuttleworth & Ingersoll, Cedar Rapids, Iowa; and H. Thomas Austern, Paul J. Tagliabue, and Theodore Voorhees, Jr., Washington, D. C., on brief.
 Before LAY and McMILLIAN, Circuit Judges, and HARPER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 National Corn Growers Association, Inc. and National Corn Refiners Association, Inc., sought declaratory and injunctive relief in a suit brought against Inter alia, the United States Secretary of Agriculture and the United States Department of Agriculture, alleging unlawful implementation of the "de la Garza amendment," section 902(2) of the Food and Agriculture Act of 1977, 7 U.S.C.A. § 1446(f) (1979 Supp.). The amendment directed the Secretary of Agriculture to implement a price support program for the 1977 and 1978 sugar beet and sugar cane crops in the form of purchases or loans.[1] The amendment contained an exception, subsection (3), to protect sugar processors whose crop years prevented their participation in the 1977 and 1978 crop loan program authorized by the amendment.[2] It allowed interim price support programs other than purchase and loan programs authorized by the amendment, namely payments or subsidies made directly to processors, for "that portion of the 1977 crop of sugar cane and sugar beets marketed prior to the implementation of the program authorized by this subsection (the amendment's loan or purchase program)."
 
 
 2
 Generally sustaining plaintiffs' allegations, the district court held: (1) Implementation of the loan program authorized by the amendment was illegally delayed past its effective date, October 1, 1977; and (2) the interim direct subsidy program instituted pursuant to subsection (3)'s exception to the amendment was illegally continued past the date the loan program was implemented. According to the court's ruling, all sugar processors who entered into contracts for the sale of sugar after October 1, 1977, were not eligible for the interim direct subsidy payments.
 
 
 3
 The district court granted partial summary judgment on count I of the complaint, expressly deferring "the assessment of any substantive relief . . . until the present status of the loan program and the full impact of damages sustained, if any, has been ascertained." The court determined the judgment should be certified pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.
 
 
 4
 While the Rule 54(b) certification was appropriate to remove finality problems caused by appeal of judgment on only one count of the multiple claim action, a Rule 54(b) certificate does not make partial adjudication of one of several claims final if it is not otherwise a final decision. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); 6 Moore's Federal Practice P 54.30(1) (2d ed. 1976). The judgment on count I is not final. It leaves undetermined substantial issues concerning injunctive relief and damages. In contrast, a final decision is "one which ends the litigation . . . and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). A declaration of rights is not an appealable order, in the absence of a permissive interlocutory appeal under 28 U.S.C. § 1292(b), when claims to injunctive relief or damages remain. Beare v. Briscoe, 498 F.2d 244 n.1 (5th Cir. 1974); Cf. Western Geophysical Co., Inc. v. Bolt Associates, Inc., 463 F.2d 101 (2d Cir.), Cert. denied, 409 U.S. 1040, 93 S.Ct. 523, 34 L.Ed.2d 489 (1972) (non-appealable when injunctive claims dismissed, judgment entered, damages not fixed); See also 9 Moore's Federal Practice, Supra P 110.08(1) at 116-18.
 
 
 5
 Moreover, unresolved and difficult issues in fashioning injunctive relief and determining damages bear directly upon substantial issues raised on appeal: standing to sue and mootness. Standing involves the question of economic injury In fact to the corn sweetener industry, as competitors, from payments illegally made to sugar processors, a question which may be indirectly related to the question of whether relief may be granted. Mootness is alleged because the 1977 and 1978 price support programs have been terminated for all practical purposes; the present status of the loan program is, of course, central to fashioning of relief. Disputed discovery proceedings related to the issue of relief are ongoing. The relationship between the issues of standing, mootness and fashioning of appropriate relief illustrates the impropriety of review at this stage of the litigation.
 
 
 6
 Accordingly, the appeal is ordered dismissed for lack of jurisdiction.
 
 
 
 *
 The Honorable Roy W. Harper, United States District Court for the Eastern and Western Districts of Missouri, sitting by designation
 
 
 [1]
 The amendment provides:
 (f)(1) The price of the 1977 and 1978 crops of sugar beets and sugar cane, respectively, shall be supported through loans or purchases with respect to the processed products thereof at a level not in excess of 65 per centum nor less than 52.5 per centum of the parity price therefor: Provided, That the support level may in no event be less than 13.5 cents per pound raw sugar equivalent. In carrying out the price support program authorized by this subsection, the Secretary shall establish minimum wage rates for agricultural employees engaged in the production of sugar.
 (2) Notwithstanding any other provision of law, the Secretary may suspend the operation of the price support program authorized by this subsection whenever the Secretary determines that an international sugar agreement is in effect which assures the maintenance in the United States of a price for sugar not less than 13.5 cents per pound raw sugar equivalent.
 (3) Nothing in this subsection shall affect the authority of the Secretary to establish under any other provision of law a price support program for that portion of the 1977 crop of sugar cane and sugar beets marketed prior to the implementation of the program authorized by this subsection.
 
 
 [2]
 See footnote 1, Supra