**NAVAJO REFINING COMPANY,**
**Plaintiff/Appellee,**

v.

**UNITED STATES DEPARTMENT OF ENERGY and Donald P. Hodel, Secretary of Energy, Defendants/Appellants.**

**No. 10–54.**

Temporary Emergency Court of Appeals.

Argued Oct. 10, 1984.
Decided Nov. 28, 1984.

See also 644 F.2d 872.

Catherine C. Cook, Thomas C. Newkirk, David A. Engels, Thomas H. Kemp and Dennis M. Moore, U.S. Dept. of Energy, on the brief for defendants/appellants.

Sheldon Oliensis, Myron Kirschbaum and Robert B. Bernstein, Kaye, Scholer, Fierman, Hays & Handler, New York City, A.J. Losee, Losee, Carson & Dickerson, P.A., Artesia, N.M., on the brief for plaintiff/appellee.

William H. Bode, John E. Varnum, Donald W. Fowler and Thomas M. Parry, Jr., Spriggs, Bode & Hollingsworth, Washington, D.C.; O.K. Petersen and James W. Dempsey, Consumers Power Company, Jackson, Mich., on the brief for amicus curiae, Consumers Power Company.

Sara D. Schotland and Mark N. Duvall, Cleary, Gottlieb Steen & Hamilton, Washington, D.C., on the brief for amicus curiae, USA Petroleum Co.

Before DAUGHERTY, CRAIG, and McNICHOLS, Judges.

CRAIG, Judge:

This is an appeal from an order of the United States District Court for the District of New Mexico. The order granted a motion for partial summary judgment filed by plaintiff/appellee Navajo Refining Company ("Navajo") and denied a motion to dismiss filed by defendants/appellants United States Department of Energy ("DOE") and Secretary of Energy Donald P. Hodel.

The complaint filed by Navajo in this action sought injunctive, mandamus and declaratory relief, based upon defendants' failure to effect restitution to Navajo of $4,072,222 which DOE erroneously required Navajo to pay under the Entitlements Program, 10 C.F.R. § 211.67. Defendants subsequently moved to dismiss the complaint. Plaintiff Navajo filed its response to defendants' motion to dismiss and moved for partial summary judgment

declaring its right to restitution of $4,172,-222. The district court denied defendants' motion to dismiss and granted Navajo's motion for partial summary judgment. The district court's order granted summary judgment only as to Navajo's request for declaratory relief. Navajo's claims to injunctive and mandamus relief were not ruled upon. Defendants appealed to this Court from the district court's order and Navajo subsequently filed a motion to dismiss the appeal. We grant Navajo's motion to dismiss the appeal.

 Appellants attempt to bring this appeal pursuant to the judicial review provisions of Section 211 of the Economic Stabilization Act of 1970 ("the Act"), 12 U.S.C. § 1904 note, which is incorporated by reference in Section 5(a) of the Emergency Petroleum Allocation Act of 1973, as amended, 15 U.S.C. § 754(a). Section 211(b)(2) of the Act states in pertinent part as follows:

> Except as otherwise provided in this section, the Temporary Emergency Court of Appeals shall have exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder.

With respect to the jurisdiction conferred on this Court by the Act and except for a restriction not applicable to this action, this Court has the same powers as a circuit court of appeals. 12 U.S.C. § 1904 note, § 211(b)(1). 28 U.S.C. § 1291 limits the appellate jurisdiction of the courts of appeals to appeals from "final decisions of the district courts ... except where a direct review may be had in the Supreme Court." Therefore, this Court is ordinarily without jurisdiction to entertain an appeal from an interlocutory order of a district court unless the district court has certified the order for appeal pursuant to 28 U.S.C. § 1292(b). *Stertz v. Gulf Oil Corp.*, 685 F.2d 1367 (Em.App.1981). In this action, the district court did not certify its order for appeal pursuant to 28 U.S.C. § 1292(b).

 The district court's order granted summary judgment only as to Navajo's request for declaratory relief. Navajo's claims to injunctive and mandamus relief have not been ruled upon. This Court finds that the district court's order, which reserved the issue whether an injunction or writ of mandamus should issue, was neither final nor appealable under 28 U.S.C. § 1291. *Liberty Mutual Insurance Company v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976); *National Corn Growers Association v. Bergland*, 611 F.2d 730, 733 (8th Cir.1980). This case is distinguishable from this Court's decisions in *Department of Energy v. Brimmer*, 673 F.2d 1287 (Em.App.1982) and *MGPC, Inc. v. Department of Energy*, 673 F.2d 1277 (Em.App.1982) on the basis of the extent of the relief awarded by the district court in those actions. As the author of those decisions wrote, the district court's orders gave the plaintiffs in both actions "substantially everything ... asked for." In *MGPC, Inc. v. Department of Energy*, plaintiff MGPC asked for and received a complete stay of a pending agency enforcement proceeding. In *Department of Energy v. Brimmer*, a mandamus action arising out of an action entitled *Little America Refining Company v. Department of Energy*, the district court had granted an extensive preliminary injunction in favor of plaintiff Little America. In the present case, the district court merely granted declaratory relief, reserving the issue whether an injunction or writ of mandamus should issue to compel action by DOE.

Appellants also argue that this Court has jurisdiction to entertain this appeal pursuant to Section 211(e)(2) of the Act. Section 211(e)(2) provides, in pertinent part, as follows:

> Any party aggrieved by a declaration of a district court of the United States respecting the validity of any regulation or order issued under this title may, within thirty days after the entry of such declaration, file a notice of appeal therefrom in the Temporary Emergency Court of Appeals.

This Court finds that the district court's order did not "respect the validity of any

regulation or order" issued under the Economic Stabilization Act. Both parties have conceded the validity of the DOE orders involved in this action. Appellant DOE, in fact, argued that no case or controversy existed because there was no challenge to the validity of the orders. This Court, therefore, finds that Section 211(e)(2) does not apply to this appeal. It is therefore, unnecessary for this Court to address the question whether Section 211(e)(2) would allow the appeal of an otherwise nonappealable collateral order.

█ Finally, appellants argue that the district court's order is appealable under the appealable collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under the *Cohen* doctrine, an otherwise nonappealable order from a district court may be the subject of immediate appellate review if it falls "in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review, and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225; *United States v. Texas Energy Petroleum Corp.*, 719 F.2d 394, 397 (Em.App. 1983). The district court's order in the present action does not fall within that small class. The order did not finally determine claims of right "separable from, and collateral to," the remaining claims in this action. Nor will the district court's order be "effectively unreviewable on appeal from a final judgment." *Firestone Tire and Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981); *Stertz v. Gulf Oil Corp.*, 685 F.2d 1367, 1371–72 (Em.App.1981). The district court's order does not fall within the *Cohen* appealable collateral order doctrine.

Appeal dismissed for want of jurisdiction.