733 P.2d 370

**Robert GRAHAM and Andrew Davis, Plaintiffs-Appellees,**

**v.**

**Robert COCHERELL, Jr., Individually and as Director of Zip Lube, Inc.; John R. Cocherell, Individually and as Officer of Zip Lube, Inc.; Charles Poyer, Individually and as Director of Zip Lube, Inc.; and Zip Lube, Inc., a New Mexico corporation, Defendants-Appellants.**

**No. 8325.**

Court of Appeals of New Mexico.

Jan. 27, 1987.

Michael A. Gross, Johnson and Lanphere, P.C., Albuquerque, for plaintiffs-appellees.

Ronald Segel, Sutin, Thayer & Browne, P.C., Albuquerque, for defendant-appellant Zip Lube, Inc.

Ross B. Perkal, Albuquerque, for defendants-appellants Cocherell and Poyer.

## OPINION

MINZNER, Judge.

This case has been submitted for decision by this court following its submission to an advisory committee pursuant to an experimental plan. *See Patterson v. Environmental Improvement Division*, 105 N.M. 320, 731 P.2d 1364 (1986); *Boucher v. Foxworth-Galbraith Lumber Co.*, 105 N.M. 442, 733 P.2d 1325 (Ct.App. 1986); *Stoll v. Dow*, 105 N.M. 316, 731 P.2d 1360 (1986). The committee rendered a unanimous decision, proposing affirmance in part and dismissal in part, and the parties were so notified. Appellants opposed the proposed disposition while appellees supported it. This court began considering the record and briefs in this case, together with the opinion of the advisory committee. Before determining whether to set the case for oral argument or to adopt any or all of the opinion of the advisory committee, this court was met with a question concerning its jurisdiction. It is an appellate court's first duty to determine whether it has jurisdiction. *See Rice v. Gonzales*, 79 N.M. 377, 444 P.2d 288 (1968).

This case involves a struggle for voting power among the stockholders of a closely-held corporation. The district court granted partial summary judgment, holding that the corporate president had no authority to issue a key block of disputed voting stock to his son. Although the trial court's order included the appropriate language to render a partial summary judgment final and appealable, *see* NMSA 1978, SCRA 1986, 1–054(C)(1), the partial summary judgment was not a final judgment as to any one claim for relief. Accordingly, we must dismiss this appeal as premature.

In order to appreciate why the partial summary judgment was not final, a recitation of the facts and procedural history is in order. The corporation was incorporated in 1976. Plaintiff Davis and defendants Robert Cocherell, Jr. and Poyer were the original directors. The directors voted to accept offers from themselves and also from Robert's son, defendant John R. Cocherell, to subscribe for common stock in the corporation.

The elder Cocherell, Poyer, and Davis paid for their stock soon thereafter, but John Cocherell did not. Thus, in the spring of 1976, each of the three directors owned one-third of the corporation's outstanding stock. Then, a new investor, plaintiff Graham, joined the group. According to the count in the complaint alleging fraud, Graham was told that he would be a one-fourth owner. A memorandum was signed by the three prior directors reciting that Graham was an equal shareholder and, by unanimous consent of the board, Graham was made a director.

By July of 1977, John Cocherell still had not paid for his stock. The directors voted

unanimously to rescind the 1976 authorization and offer the younger Cocherell an option to buy shares of non-voting stock. The minutes of this meeting reflect that the basis of the motion was to preserve plaintiff Graham's one-fourth ownership interest. John accepted the offer and bought the non-voting stock.

In 1983, John wanted to exercise his rescinded subscription rights. Corporate counsel, the Sutin firm, was asked to research the matter. Counsel opined that John was entitled to exercise his subscription rights. Defendant Poyer made a motion, seconded by defendant Robert Cocherell, to authorize the president to issue the stock. The motion failed on a tie vote, with plaintiffs opposing it. Notwithstanding the failure of the motion and the prior rescission, the corporate president, Robert Cocherell, issued his son the stock, and this suit followed.

The complaint was in four counts. Count I was a derivative action, alleging that the issuance of the stock was contrary to the directives of the board of directors and in violation of preemptive rights; it sought cancellation of the shares. Count II sought damages for conspiracy to control the corporation without authority. Count III sought a declaratory judgment that the issuance of the shares was void and without effect. Count IV sought damages on behalf of plaintiff Graham for fraud.

The Sutin firm initially appeared on behalf of all defendants, including the corporation. The individual defendants then retained separate counsel.

The record on appeal reflects that defendants filed a motion to dismiss Counts I, II, and III, based on NMSA 1978, Section 53–11–17 (Repl.Pamp.1983). It was and is their contention that defendant John Cocherell's subscription was still valid because there had been no call for payment. The record reflects that this motion was denied. Defendants answered, alleging that John's shares were properly issued because of the absence of a call, and that the board's rescission of the subscription was ineffective.

Following the denial of the motion, plaintiffs filed a motion for partial summary judgment, based on the undisputed facts of the board's rescission of the subscription and its failure to approve the motion to issue John his shares. The ground for the motion was that defendant Robert Cocherell issued shares to his son without the authority of the board of directors. The motion requested partial summary judgment "with respect to the lack of authority of Robert Cocherell" and sought a cancellation of the shares. The order on this motion states that Robert Cocherell did not have the authority of the board to issue the shares, that there is no issue of material fact as to this lack of authority, and that there is no just reason for delay in the entry of a final partial summary judgment. It was therefore ordered that John's shares would be placed in escrow until further order of the court, that monies attributable to the shares would also be placed in escrow until further order of the court, and that John would not have voting or other rights on this stock until final disposition of the case or until further order of the court. It is from this order that defendants appeal.

Both counsel for the individual defendants and the Sutin firm on behalf of the corporation joined in one notice of appeal. The Sutin firm did the preliminary work of ordering the record. A joint brief-in-chief was filed. It argues the point that the shares were properly issued because of the lack of a call and it argues that the court erred in enjoining the corporation from paying dividends to John because the order does not purport to cancel his shares.

Plaintiffs filed a motion to disqualify the Sutin firm from representing the corporation because of its conflict of interest. We remanded the case to the trial court for hearing on the motion. The trial court entered findings of fact and conclusions of law, ordering that the Sutin firm be disqualified in the trial court and deferring decision on the matter of appellate repre-

sentation to this court. Plaintiffs have not called the matter to our attention again and the Sutin firm has continued to represent the corporation in this case. Because of our disposition, we find it unnecessary to determine whether the Sutin firm can continue to represent the corporation on appeal.

Plaintiffs' answer brief took the position that the matter of subscription rights was not ruled on in the trial court and should not be ruled on in this appeal. Plaintiffs' position was that the trial court was correct in ruling that Robert Cocherell lacked the authority of the board to issue his son the shares. Plaintiffs' position concerning what was ruled on in the trial court is supported by a motion for reconsideration of the partial summary judgment filed by defendants in the trial court, alleging that defendants should have the opportunity to argue that the rescission of the subscription was void because it was contrary to law.

Defendants' reply brief and response memorandum to the advisory committee's opinion claim that the matter of continued validity of the original subscription and the consequent validity of the directors' rescission of it was inextricably intertwined with the issue of Robert Cocherell's authority. Defendants want a decision by this court reversing the summary judgment and dismissing Counts I, II, and III of the complaint.

The matter of what was or was not ruled on in the trial court is further complicated in this case by the fact that defendants-appellants did not request the transcript of the proceedings on the summary judgment motion. Defendants' appeal is solely on the record proper.

■ Thus, we have before us a situation in which the parties are vehemently at odds, not only as to the proper resolution of the issues between them, but also as to what those issues are. As an appellate court, we are a court of review and are limited to a review of the questions that have been presented to and ruled on by the trial court. See *Miller v. Smith*, 59 N.M.

235, 282 P.2d 715 (1955). Moreover, our review is limited to the record presented on appeal. See *Reliance Insurance Co. v. Marchiondo*, 91 N.M. 276, 573 P.2d 210 (1977).

■ Given the status of the record in this case, all we know is that plaintiffs moved for partial summary judgment on the issue of authority, that plaintiffs' motion was granted on this issue, and that, instead of cancelling the shares as plaintiffs' complaint and motion requested, the court ordered them placed in escrow pending final resolution of the matter. The advisory committee's proposed opinion in this matter states: "This limited appeal involves one issue within the * * * [complaint]." Defendants do not take issue with this statement except to say that the one issue is inextricably linked with the issue they want decided.

Because of the difficulty in determining what was or was not decided below, and because we are immediately struck with the absence of any definitive relief granted in the partial summary judgment, it appears to us that it would be inadvisable to decide any of the issues so forcefully urged on us by the parties. See *National Corn Growers Association v. Bergland*, 611 F.2d 730 (8th Cir.1980). See also *Acha v. Beame*, 570 F.2d 57 (2d Cir.1978). SCRA 1-054(C)(1) provides that, " * * * when more than one claim for relief is presented in an action, * * * the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay." However, "the Rule does not authorize the district court by certificate to make final a partial adjudication of a single claim * * *." 6 J.W. Moore, W.J. Taggart, J.C. Wicker, *Moore's Federal Practice*, ¶ 54.28[3.–1] (1986). Thus, "[t]he Rule cannot be used to sanction the appeal of a *partial* adjudication of a single claim or claims * * *." *Id.* at ¶ 54.27[2.–3].

■ Yet that is precisely what we have here. The trial court ruled on an issue common to plaintiffs' first three claims. It

did not finally dispose of those claims. Because of this and because of the difficulties inherent in otherwise deciding this case, we are constrained to hold that we have no jurisdiction. When an appeal is taken from a judgment which is not final, it must be dismissed. *Thornton v. Gamble,* 101 N.M. 764, 688 P.2d 1268 (Ct.App.1984).

Accordingly, the appeal is dismissed.

IT IS SO ORDERED.

This court acknowledges the aid of attorneys Charles D. Noland, David S. Cohen, and William McEuen in the preparation of this opinion. These attorneys constituted an advisory committee selected by the chief judge of this court, and this court expresses its gratitude to these attorneys for volunteering for this experimental plan and for the quality of work submitted.

ALARID and GARCIA, JJ., concur.