This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARK MINTEER,**

Petitioner-Appellant,

v.                                                                        **NO. 31,197**

**DIANE SUDLOW,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Melendres, Melendres & Harrigan P.C.
Antonia Roybal-Mack
Albuquerque, NM

for Appellant

Diane Sudlow
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Petitioner-Appellant Mark Minteer (Petitioner) appeals from the district court's

ruling of Judge Elizabeth E. Whitefield that denies his request to set aside the restraining order against him. Our notice proposed to affirm and Petitioner filed a timely memorandum in opposition. We remain unpersuaded by Petitioner's arguments and therefore affirm.

In issue one, Petitioner continues to argue that Judge Gerard J. Lavelle should have recused from reviewing and entering the temporary orders of protection because he served as the child's guardian ad litem prior to becoming a judge. [MIO 2; DS 2, 9; RP 21, 33] As provided in our notice, Petitioner did not raise this argument below and thus failed to preserve this issue for appeal. *See generally Graham v. Cocherell*, 105 N.M. 401, 404, 733 P.2d 370, 373 (Ct. App. 1987) (explaining that this Court is "a court of review and [is] limited to a review of the questions that have been presented to and ruled on by the trial court"). Defendant's status as a pro se litigant below does not lessen the preservation requirements. [MIO 5] *See Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) (providing that pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel). Moreover, while Petitioner may not have had an opportunity to object to Judge Lavelle ruling on the temporary order of protection until after such order was entered [MIO 3], he nonetheless was not precluded from moving to set aside the temporary restraining order on such basis. *See In re Candice Y.*, 2000-

NMCA-035, ¶ 21, 128 N.M. 813, 999 P.2d 1045 (refusing to consider the argument that a judge should have recused because no evidence supporting recusal was on the record; noting also that "although Appellants did not learn of the relationships that they now protest until after entry of the court's judgment, Appellants did not attempt to reopen the court proceedings to press this issue").

Nor do we agree that, despite the lack of preservation, reversal is merited by application of either the fundamental error or general public interest exceptions. [MIO 3] *See* Rule 12-216(B)(1)(2) NMRA. We apply fundamental error only in rare circumstances and solely to prevent a miscarriage of justice where some fundamental right has been invaded. *See State v. Reyes*, 2002-NMSC-024, ¶¶ 41-42, 132 N.M. 576, 52 P.3d 948. To rise to the level of fundamental error, the error must go "to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *State v. Cunningham*, 2000-NMSC-009, ¶ 13, 128 N.M. 711, 998 P.2d 176 (internal quotation marks and citation omitted). Here, while Petitioner alleges bias or prejudice, no actual bias or prejudice has been shown. "In order to require recusal, bias must be of a personal nature against the party seeking recusal." *State v. Ruiz*, 2007-NMCA-014, ¶ 15, 141 N.M. 53, 150 P.3d 1003 (internal quotation marks and citation omitted). A claim of bias or prejudice, including a claim

3

of an appearance of bias or prejudice, cannot be based on mere speculation. *United Nuclear Corp. v. Gen. Atomic Co.*, 96 N.M. 155, 246-48, n.156, 629 P.2d 231, 322-24, n.156 (1980). Moreover, even assuming that recusal was merited based on an appearance of bias or prejudice, the restraining order entered by Judge Lavelle was temporary only, Petitioner was given the opportunity to modify the temporary order, and a special commissioner with no alleged bias or prejudice nonetheless recommended an order of protection nineteen days later, which was approved by Judge A. Hadfield the same day. [RP 44] The order before us on appeal was issued by Judge Whitefield. [RP 80-81] *See In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Under such circumstances, we cannot agree that fundamental error took place. Similarly, whether Judge Lavelle should have recused from ruling on Petitioner's temporary restraining order does not raise a question of a general public nature affecting the interest of the state at large. *See State v. Pacheco*, 85 N.M. 778, 779, 517 P.2d 1304, 1305 (Ct. App. 1973) (noting an exception to the preservation requirement for "questions of a general public nature affecting the interest of the state at large" (internal quotation marks and citation omitted)).

Further, while Petitioner maintains that the rubber-stamped signature of Judge Lavelle reflects that he was not afforded meaningful review as a consequence of the

judge's prior role as guardian [MIO 6], we disagree. Case law recognizes the validity of stamped signatures. *See generally Pena v. Westland Dev. Co.*, 107 N.M. 560, 566, 761 P.2d 438, 444 (Ct. App. 1988) (recognizing the validity of rubber-stamped signatures on the basis that "if a party intends that the purported signature be a signature, it will be treated as such"). And we do not infer bias from the judge's adverse ruling against Petitioner. *See State v. Hernandez,* 115 N.M. 6, 20, 846 P.2d 312, 326 (1993) (stating that adverse rulings or enforcement of the rules do not establish judicial bias).

In issue two, Petitioner continues to argue that his right to due process was violated. [DS 6; MIO 7] In support of his argument, Petitioner maintains that he was denied the right to present evidence to the special commissioner. [DS 11; MIO 9-10] As detailed in our notice, however, to the extent any of Petitioner's evidence was not before the special commissioner, it was due to Petitioner's failure to introduce such evidence, rather than the special commissioner preventing Petitioner from doing so. *See Bruce v. Lester,* 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that we hold pro se litigants to the same standard as attorneys). While certain accommodations may be extended to pro se litigants, such as the availability of simplified forms [MIO 7], *see, e.g.*, NMSA 1978, § 40-13-3(G) (2008), pro se litigants are not relieved of responsibility of introducing evidence in support of their positions.

Defendant also maintains that he was denied due process because he lacked an opportunity to be heard by the district court when he was not granted a new hearing on the objections raised in his Rule 1-060(B) NMRA motion. [MIO 10; DS 8, 10] Relevant to this argument, Rule 1-053.1(H)(1)(b) NMRA, provides that "[i]f the party files timely, specific objections to the recommendations, the court shall conduct a hearing appropriate and sufficient to resolve the objections [and the] hearing shall consist of a review of the record unless the court determines that additional evidence will aid in the resolution of the objections." As noted in our notice, Petitioner failed to file objections to the special commissioner's recommendations as contemplated by Rule 1-053.1(F)(2) & (G) NMRA, but instead filed a Rule 1-060(B) NMRA motion outside the ten-day period to file objections. [RP 62] Despite this failure, however, the district court nonetheless "reviewed all the court files [and] listened to the CD of the entire hearing" [RP 80] and determined that "[f]urther evidence is not required to aid in the resolution of the case." [RP 81] This review amply satisfied the hearing requirement of Rule 1-053.1(H)(1)(b), which provides that the "hearing shall consist of a review of the record unless the court determines that additional evidence will aid in the resolution of the objections." Because the district court determined that additional evidence was not required to resolve the case, a de novo hearing was not

6

merited. [MIO 12] Moreover, because Petitioner was provided an initial hearing by a special commissioner, with the pleadings and hearing subsequently reviewed by the district court, we hold that he was afforded sufficient review by the district court. [MIO 13] *See generally Lujan v. Casados-Lujan*, 2004-NMCA-036, ¶¶ 19-21, 135 N.M. 285, 87 P.3d 1067 (affirming the district court's approval of the special commissioner's recommendations when "nothing in the record shows that the judge did not inform herself as to everything she needed to know in order to understand and intelligently rule on Respondent's contentions."); *Buffington v. McGorty*, 2004-NMCA-092, ¶ 30, 136 N.M. 226, 96 P.3d 787 (comparing the district court's review of a hearing officer's recommendations to the review of a special commissioner's recommendations, and concluding that "[t]he nature of the hearing and review to be conducted by the district court will depend upon the nature of the objections being considered").

In issue three, Petitioner continues to argue that the evidence was insufficient that he committed an act of domestic abuse. [MIO 14] As provided in our notice, Appellee Diane Sudlow (Respondent) testified to behavior by Petitioner that made her feel harassed. [RP 81] *See generally* NMSA 1978, § 40-13-2(D)(2)(a)-(j) (2010) (defining "domestic abuse," which includes harassment). Petitioner provides this Court with no authority for the proposition that an abuse victim's testimony is not

sufficient to support a finding of domestic abuse.  [MIO 15-16]  *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that "[i]ssues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal," and that an appellate court will not do basic legal research for counsel). Nonetheless, we have long held that "the testimony of a single witness may legally suffice as evidence upon which the jury may found a verdict of guilt." *See State v. Hunter*, 37 N.M. 382, 384, 24 P.2d 251, 252 (1933).  Moreover, while Petitioner may believe that his conduct was not such to cause Respondent emotional distress [MIO 15-16] and that his conduct instead served a lawful purpose [MIO 16], it was the fact-finder's prerogative to determine otherwise.  *See generally Mascarenas v. Jaramillo*, 111 N.M. 410, 412, 806 P.2d 59, 61 (1991) (recognizing that the trial court, sitting as fact finder, weighs the evidence, determines credibility of testimony, and resolves factual conflicts).

Lastly, Petitioner does not provide any additional arguments with regard to issue four.  *See Frick v. Veazey*, 116 N.M. 246, 246, 861 P.2d 287, 287 (failure to file memorandum in opposition to calendar notice constitutes acceptance of proposed disposition).

In conclusion, for reasons set forth herein and in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**