This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MANUEL ROMERO,**

Worker-Appellant,

v.                                                                    **NO. 33,662**

**ARCA and NEW MEXICO**
**MUTUAL CASUALTY COMPANY,**

Employer/Insurer-Appellee.

**APPEAL FROM WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Manuel Romero
Albuquerque, NM

Pro Se Appellant

Miller Stratvert P.A.
Nathan A. Cobb
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Appellant Manuel Romero (Worker) appeals from the Workers' Compensation Judge's (WCJ) order denying benefits for what he asserts was the aggravation of a pre-existing work-related injury. [DS 1] This Court's first calendar notice proposed to affirm the WCJ's order. Worker filed a memorandum in opposition to the proposed disposition. We are not persuaded by Worker's arguments and affirm the WCJ's order.

**{2}** Initially, we address the motion to strike filed by Employer/Insurer, ARCA and NMMCC (Employer). Employer moves the Court to strike the affidavits attached to Worker's informal memorandum in opposition because they constitute an inappropriate submission of testimony and improper supplementation to the record. "As an appellate court, we are a court of review and are limited to a review of the questions that have been presented to and ruled on by the trial court. Moreover, our review is limited to the record presented on appeal." *Graham v. Cocherell*, 1987-NMCA-013, ¶ 16, 105 N.M. 401, 733 P.2d 370 (citation omitted). Because the affidavits were not a part of the record in the Workers' Compensation Administration, we grant Employer's motion and strike the affidavits. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)).

{3} This Court's first notice proposed to affirm on the bases that: (1) Worker had reached maximum medical improvement (MMI) for his prior work-related injuries; (2) Worker's third intervening accident occurred outside the course of work; (3) Employer provided reasonable and necessary medical care for the prior work-related injuries; (4) Worker's third accident changing a flat tire was not compensable because the injury was not the natural and direct result of either the first or second work-related accidents; and (5) Worker's need for medical care since the date of the third accident, when he had already reached MMI for the injuries resulting from the first and second accidents, was not the natural and direct result of either the first or second work-related accidents. [RP 9, 75]

{4} Worker continues to argue that he was entitled to benefits because the present injury was an aggravation of his pre-existing work-related injuries. [MIO 1] Worker asserts that he "is not trying to recover for the pre-existing conditions; he is trying to recover for aggravation caused and the extent of the injury from pre-existing injuries." [MIO 1] The aggravation caused to Worker's back did not result from a work-related injury but from changing a tire. Worker does not dispute that his present disability is not compensable because it did not result from a work-related accident. *See* NMSA 1978, § 52-1-28(A) (1987) (requiring accident to arise out of, incident to, and in the course of employment). Nor does Worker assert that there was expert testimony to

3

support his contention that his injury from the third accident was a natural and direct result of either of the prior work-related accidents as required by statute. *See* § 52-1-28(B). Not having pointed out any errors in fact or law in this Court's proposed disposition, Worker has not met his burden on appeal. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{5}    For all of the above reasons, and those stated in this Court's first notice of proposed disposition, we affirm the WCJ's compensation order.

{6}    **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**J. MILES HANISEE, Judge**

4