This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEBRA COX,**

Plaintiff-Appellant,

v.                                                                          **No. 34,031**

**CITY OF ALBUQUERQUE,**
**a municipal corporation,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

The Gilpin Law Firm, LLC
Donald G. Gilpin
Albuquerque, NM

for Appellant

City of Albuquerque City Attorney
Jessica M. Hernandez, City Attorney
Samantha M. Hultz, Assistant City Attorney
Melissa M. Kountz, Assistant City Attorney
Kellie J. Garcia, Assistant City Attorney
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Plaintiff, Debra Cox, appeals from a judgment in favor of Defendant, City of Albuquerque (the City) on claims brought under the New Mexico Human Rights Act (NMHRA), NMSA 1978, Sections 28-1-1 to -14 (1969, as amended through 2005), for discrimination based upon her sex and her disability arising from her back injury, for the failure to make a reasonable accommodation for her back injury, and for retaliation. Plaintiff challenges two evidentiary rulings made by the district court and claims that these rulings constitute reversible error. We affirm.

**BACKGROUND**

{2}     Plaintiff worked for the City at various intervals from 1992 to 2009. In 2000 Plaintiff slipped and suffered an injury to her back while working in the City's transit department. In 2001 Plaintiff transferred departments and started working as a traffic investigator. Plaintiff worked in this capacity until May 2008 when her immediate supervisor became aware that she had a lifting restriction related to her prior injury. Plaintiff was told that the restriction prevented her from working as a traffic investigator and was sent home. Plaintiff was not permitted to return to work and her employment was ultimately terminated in May 2009.

{3}      Between 2007 and 2010 Plaintiff filed several claims with the New Mexico Worker's Compensation Administration (WCA) relating to the City's failure to pay her medical bills and challenging the City's position that, due to her lifting restriction, she was unable to work as a traffic investigator. In an effort to resolve these WCA claims, the parties participated in administrative mediation. In conformity with the mediator's proposed settlement dated April 14, 2009, the City sent Plaintiff an offer of re-employment as a security officer. The letter stated that the position offered was "within [Plaintiff's] physical restriction." On April 16, 2009, Plaintiff rejected the City's offer in writing, stating that the offer "[did] not contain enough specific information for [her] to accept" and requesting that she be returned to her previous position. The Workers' Compensation judge (WCJ) overseeing the WCA claims ultimately issued an order rejecting the new security officer position.[1]

{4}      Plaintiff filed the underlying complaint in May 2010. Plaintiff alleged that the WCJ overseeing her prior case had made multiple findings relevant to this case. These findings included that, (1) "[t]he position of traffic investigator did not require Plaintiff to lift over forty pounds and met Plaintiff['s] medical restrictions;" and (2) "[t]he offer of a security guard position by the City was not reasonable in that it

---

[1]The WCJ's order did not come into evidence at trial and is not available in the record and, as a result, the date and content of the order cannot be reviewed by this Court.

lack[ed] specificity and had not been tailored to meet Plaintiff['s] medical restrictions[.]" The City neither admitted nor denied these facts in its answer and stated: "[t]he recommendations of the [WCJ] speak for themselves."

{5}      On October 5, 2011, the parties entered into a settlement agreement whereby Plaintiff would receive a lump sum payment in exchange for dismissing all her claims against the City in both this case and her WCA proceeding, including closing her WCA file and pursing no further worker's compensation claims. The settlement was contingent upon the WCJ's approval, and provided, *inter alia*, that the City would also assist Plaintiff in applying for disability retirement through the Public Employees Retirement Association (PERA). Plaintiff's application was subsequently approved for her PERA disability pension, subject to reevaluation after one year. However, the settlement was ultimately rejected by the WCJ and Plaintiff never finalized her PERA application to implement the disability pension. On March 20, 2013, the City filed a motion to enforce the settlement agreement. The district court denied the City's motion and deemed the settlement unenforceable as it was not approved by the WCJ.

{6}      Prior to trial, several evidentiary motions were filed. The City filed a motion in limine to exclude the WCJ's findings cited by Plaintiff in her complaint. The district court granted the motion, excluding any rulings and the order that was entered by the

WCJ, including any reference to the fact that the WCJ determined the offer of re-employment to be unreasonable.

{7} Plaintiff likewise filed a motion in limine to exclude all evidence of the 2011 settlement negotiations and the resulting settlement agreement. The district court initially granted this motion. However, during the course of trial, the district court permitted the City to introduce evidence that Plaintiff had been approved for her disability pension by PERA. The district court did so on the grounds that this evidence was relevant to the City's affirmative defense—that Plaintiff failed to mitigate her damages. Plaintiff did not challenge this relevancy determination by the district court. Rather, Plaintiff argued that she should also be permitted to introduce the entire settlement agreement. The district court disagreed and denied Plaintiff's request to introduce the settlement agreement.

{8} Ultimately, the jury found in favor of the City on all claims. This appeal followed.

**DISCUSSION**

**I. The City's Offer of Re-Employment**

{9} As a preliminary matter, we deem it prudent to identify several issues that are not before us. This Court was not asked to decide whether an employer's offer of accommodation of an employee's disability that was contingent upon the employee

settling her worker's compensation claims can satisfy any of the employer's responsibilities under the NMHRA. Likewise, we are not asked to decide whether such an offer of accommodation is legally sufficient when it is made close to a year after the employer becomes aware of the employee's need for an accommodation. These issues were not raised in the district court and are not before us on appeal. Our review is limited accordingly.

{10}     Plaintiff argues that the district court committed reversible error in permitting the City to introduce evidence of the offer of re-employment as a security officer without also permitting Plaintiff to present evidence that the re-employment offer was subsequently rejected by the WCJ. Plaintiff makes two arguments in support of this claim. Plaintiff first argues that the City's offer of re-employment was inadmissible under Rule 11-408 NMRA. Second, Plaintiff argues that once the offer was admitted, the district court erred in not admitting the evidence of the WCJ's rejection of the offer as it was relevant to both the timing of the offer, as well as the fact that Plaintiff was precluded from accepting it. We construe Plaintiff's second argument as a claim that the district court violated Rule 11-402 NMRA and Rule 11-403 NMRA.

**A.     Preservation**

{11}     The City argues that Plaintiff failed to preserve her Rule 11-408 argument below as well as her argument that the WCJ's rejection was relevant on the issue of

6

timeliness of the offer of re-employment. After a close examination of the record on appeal, we agree.

{12} "We will not review arguments that were not preserved in the district court. . . . In order to properly preserve an issue, it must appear that the party fairly invoked a ruling of the district court on the same grounds argued in the appellate court." *Vill. of Angel Fire v. Bd. of Cty. Comm'rs of Colfax Cty.*, 2010-NMCA-038, ¶ 15, 148 N.M. 804, 242 P.3d 371 (alterations, internal quotation marks, and citation omitted). "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273; *see* Rule 12-213(A)(4) NMRA (requiring appellant to include in the brief in chief "a statement explaining how the issue was preserved in the court below").

{13} The record at trial contains no evidence of any argument that the offer of re-employment was contested under Rule 11-408, or preserved by Plaintiff below. Likewise, the trial record further demonstrates that Plaintiff did not present an argument that the WCJ's rejection of the re-employment offer was relevant to show the timing of the offer of re-employment. *See Graham v. Cocherell,* 1987-NMCA-013, ¶ 16, 105 N.M. 401, 733 P.2d 370 ("[W]e are a court of review and are limited

to a review of the questions that have been presented to and ruled on by the [district] court.). While Plaintiff did make all of these arguments in her written post-trial reply that was filed in support of her motion for new trial, "[g]enerally, a motion for a new trial cannot be used to preserve issues not otherwise raised during the proceedings." *Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791. Plaintiff has failed to identify any portion of the trial proceedings where these evidentiary arguments were made or preserved. Therefore, we will not address these evidentiary arguments for the first time on appeal.

{14}   We now move to the merits of Plaintiff's preserved arguments—that she was unduly prejudiced by the district court's exclusion of evidence pertaining to the WCJ's rejection of the City's offer of re-employment.

**B.    No Abuse of Discretion Occurred by Excluding Evidence of the WCJ's Rejection of the City's Offer of Re-Employment**

{15}   "Admission or exclusion of evidence is a matter within the discretion of the [district] court, and the court's [evidentiary] determination[s] will [be upheld unless there is a] clear abuse of that discretion." *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999 (internal quotation marks and citation omitted). "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

{16} As stated above, whether the City's offer of re-employment was properly admitted as evidence of a timely offer to accommodate Plaintiff's disability is not challenged on appeal. *See generally* § 28-1-7(J) (making it unlawful and a discriminatory practice for an employer to fail to make an accommodation for a person's physical or mental handicap unless the accommodation proves to be unreasonable or an undue hardship on the employer). The only issue before us is whether the district court erred in excluding Plaintiff's request to present evidence that the offer of re-employment was rejected by the WCJ.

{17} Evidence is relevant if it tends to make a fact in issue more or less probable. *See* Rule 11-401 NMRA. All relevant evidence is generally admissible. *See* Rule 11-402. However, "[t]he court may exclude . . . evidence if its probative value is substantially outweighed by [the] danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting [of] cumulative evidence." Rule 11-403. "Because a determination of unfair prejudice is fact sensitive, much leeway is given trial judges who must fairly weigh probative value against probable dangers." *State v. Otto*, 2007-NMSC-012, ¶ 14, 141 N.M. 443, 157 P.3d 8 (internal quotation marks and citation omitted); *Coates*, 1999-NMSC-013, ¶ 36 (stating that the exclusion of evidence is reviewed for an abuse of discretion). "[T]he complaining party on appeal must show the erroneous admission [or] exclusion of evidence was

9

prejudicial in order to obtain a reversal." *Cumming v. Nielson's, Inc.*, 1988-NMCA-095, ¶ 28, 108 N.M. 198, 769 P.2d 732.

{18} Plaintiff argues that the order of the WCJ rejecting the City's offer of re-employment was relevant because it explained why Plaintiff also rejected the offer. Logically, this theory of relevancy would require evidence that the WCJ's order preceded Plaintiff's rejection of the City's offer. The record before us discloses no such evidence. To the contrary, Plaintiff appears to have communicated her rejection of the offer just two days after the City presented the offer to her. Additionally, there is no evidence in the record, and Plaintiff points to none in her briefing, as to the timing of the WCJ's order. We will not speculate regarding the timing of this order and without such evidence, the conditional basis for Plaintiff's claim of relevance fails. *See* Rule 11-104(B) NMRA (addressing the admission of evidence, the relevancy of which is conditional); *see also First Nat'l Bank v. Abraham*, 1982-NMSC-006, ¶ 9, 97 N.M. 288, 639 P.2d 575 ("[T]he [district] court will be upheld if it is right for any reason."); *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 (stating that "[i]t is not [the] practice [of the appellate court] to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence"(internal quotation marks and citation omitted)); *Sandoval*, 2009-NMCA-095, ¶ 65 (stating that if the record is deficient, we

10

will indulge every presumption in support of the district court's judgment). As such, we hold that the district court did not abuse its discretion.

**II.     PERA Disability Pension**

{19}     Once again, we emphasize the issues that are not before us. We are not asked to decide whether evidence of an employee's application and approval for a PERA disability pension is relevant to the issue of mitigation of damages. Instead, Plaintiff argues that the district court committed reversible error in allowing the City to present its evidence that Plaintiff was approved for a PERA disability pension while simultaneously excluding evidence that her disability pension application was a part of the parties' 2011 settlement agreement that was subsequently rejected by the WCJ. Our review is limited accordingly.

{20}     Plaintiff makes four arguments in support of her position. First, Plaintiff argues that the settlement agreement and subsequent rejection by the WCJ were relevant to show that she could not have accepted the PERA disability pension. Second, Plaintiff argues that the City "opened the door" to a full disclosure of the settlement agreement in its case in chief. Third, Plaintiff argues that the settlement agreement should have been admitted pursuant to Rule 11-408 and Rule 11-106 NMRA. Fourth, Plaintiff asserts that the settlement agreement was relevant to the timing of the offer of

disability retirement. We construe Plaintiff's final arguments to assert that the district court violated Rule 11-402.

**A.      Preservation**

{21}      The City claims that Plaintiff preserved only the first two of the four arguments listed above. We agree with the City. To preserve an argument Plaintiff must have invoked a ruling of the district court on the same grounds argued before this Court on appeal. *See Vill. of Angel Fire*, 2010-NMCA-038, ¶ 15 (recognizing that evidentiary arguments that were not presented to the district court will not be addressed on appeal). In our review of the record, Plaintiff did not argue below that either Rule 11-408 or Rule 11-106 mandated the admission of the settlement agreement. Furthermore, Plaintiff failed to argue that the timing of her PERA application was relevant or otherwise not apparent without the admission of the settlement agreement. As a result, this Court will not address the two arguments that were not made or preserved in the district court.

**B.      No Abuse of Discretion Occurred by Excluding Evidence of the Parties' Settlement Agreement**

{22}      We review the two remaining evidentiary rulings for an abuse of discretion. *See Coates,* 1999-NMSC-013, ¶ 36. A party opens the door to the admission of evidence when it makes a statement that causes the evidence to become relevant. *See id.* ¶ 38. The City presented evidence of Plaintiff's PERA application and approval through the

testimony of a witness employed by PERA. The witness testified generally about PERA's disability pension, including the requirements and review process, as well as the fact that Plaintiff had applied for benefits and been approved. The witness did not reference the settlement agreement or any relationship to the settlement agreement in any way during this testimony. Evidence of the separate settlement agreement may properly be regarded as evidence of a collateral matter, the exclusion of which was within the district court's discretion. *See State v. Montoya*, 1981-NMCA-021, ¶ 21, 95 N.M. 433, 622 P.2d 1053 ("Evidence as to collateral matters is within the [district] court's discretionary control."). Under the circumstances, we are not persuaded that the City "opened the door" to the admissibility of any collateral evidence of the settlement agreement based upon this testimony.

{23}    As to Plaintiff's second argument, we again emphasize that we are not deciding whether evidence of an employee's application and approval for PERA disability pension is relevant on the issue of mitigation of damages. Because Plaintiff did not challenge this underlying premise in the district court and does not challenge it on appeal, we must proceed under the assumption that the pension application evidence was relevant to the issue of mitigation of damages. *See State ex rel. Human Servs. Dep't v. Staples* (*In re Doe*), 1982-NMSC-099, ¶¶ 3, 5, 98 N.M. 540, 650 P.2d 824 (stating that "courts risk overlooking important facts or legal considerations when they

13

take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers who tailor the case to fit within their legal theories" and declining to consider an argument because it was not raised by the appellants (alteration, internal quotation marks, and citation omitted)). Given this premise, we are left to decide whether Plaintiff's belief that she could not accept the pension benefit because the settlement agreement was later rejected by the WCJ was also relevant and its exclusion was reversible error.

{24}     Plaintiff does not point to any evidence, rule of law, or other authority to support her argument. We are not presented with anything that could be said to bind PERA, as an independent third party, to the settlement agreement or to the decision of the WCJ. There is no evidence that PERA was a party to the settlement agreement or that the approval of Plaintiff's PERA application was otherwise contingent upon the WCJ's approval of the settlement agreement. Further, there is no evidence in the record that the City misled Plaintiff in any way into believing that she was precluded from accepting the PERA disability pension. As such, we must presume that Plaintiff's belief regarding the WCJ's approval of the settlement agreement was both erroneous and unfounded. *Sandoval*, 2009-NMCA-095, ¶ 65 (stating that if the record is deficient, we will indulge every presumption in support of the district court's judgment). Given that we further accept the unchallenged proposition that Plaintiff

14

was required to mitigate her damages by accepting the PERA disability pension benefit, Plaintiff's erroneous and unfounded belief that she was precluded from doing so does not alter or extinguish Plaintiff's responsibility to mitigate her damages. *Cf. Bd. of Educ. of Alamogordo Pub. Sch. Dist. No. 1 v. Jennings*, 1985-NMSC-054, ¶ 20, 102 N.M. 762, 701 P.2d 361 (holding that public school teachers alleging wrongful discharge have a statutory duty to exercise "reasonable diligence" to mitigate damages). It logically follows that any evidence supporting the existence of this mistaken belief regarding the provisions of the settlement agreement and the WCJ's subsequent rejection of the settlement agreement would, at best, be collaterally relevant to Plaintiff's duty to mitigate her damages. *See* Rule 11-401 (stating that evidence is relevant if it makes a fact at issue more or less probable). As we recognized above, Plaintiff failed to establish the collateral relevance of this rejection by the WCJ. *See id.* As such, we hold that it was not an abuse of discretion for the district court to exclude Plaintiff's evidence regarding the settlement agreement and its rejection by the WCJ.

**CONCLUSION**

{25}    For the foregoing reasons, the district court's judgment is affirmed.

{26}    **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

15

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**